[No. 38696. Department Two. April 27, 1967.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANK HAYNES, *Appellant.**

*Reported in 426 P.2d 851.

*Charles E. Hunter,* for appellant (appointed counsel for appeal).

*Robert E. Schillberg, Donald E. Priest,* and *Merle E. Wilcox,* for respondent.

BARNETT, J.†—Count 1 of an information filed in the Superior Court for Snohomish County charged the defendant with the crime of attempted grand larceny by check. Count 2 of the information charged him with grand larceny by check. A jury found the defendant guilty on both counts. From the judgment of conviction as to both counts the defendant has appealed to this court.

A brief summary of the pertinent facts involved in the incident is as follows:

The defendant had a bank account at the Bank of Everett, and on June 17, 1965, the balance in the account was $169.85. On that day the defendant, with his fiancee and another woman, went into Cuthbertson's Luggage Shop in Everett, to pick up two suitcases out of a set the defendant had previously selected and put aside without paying for them. These two suitcases were taken from the store by the defendant and he gave a check (exhibit No. 1) in the

---

†Judge Barnett is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

amount of $328.43. The store owner testified that the total purchase was approximately $328 in value.

The defendant and the two women took the suitcases to the C. C. Chaffee Company in Everett, where the women selected clothing for themselves valued by a witness at $1,469.12. The defendant signed a Bank of Everett check form (exhibit No. 13) made payable to C. C. Chaffee Company for $1,469.12 and gave it to a store employee, but before any clothes were removed from the store an Everett policeman arrived and arrested the defendant. The policeman had been summoned after the Bank of Everett had refused to honor the check given by the defendant in payment for the luggage.

It is contended that the instrument (exhibit No. 13) upon which count 1 is predicated is not a check in that the only designation of the amount to be paid was in figures in the space where the amount is ordinarily written in letters. By statute a check has been declared to be "a bill of exchange drawn on a bank, payable on demand. . . ." RCW 62.01.185. A bill of exchange is defined in RCW 62.01.126 as "an unconditional order in writing addressed by one person to another, signed by the person giving it, requiring the person to whom it is addressed to pay on demand or at a fixed or determinable future time a sum certain in money to order or to bearer."

The instrument was signed by defendant and it stated an unconditional order in writing for a bank to pay on demand to order or to bearer a sum certain. We are of the opinion that this instrument is a check within the contemplation of RCW 9.54.010 and RCW 9.54.090, even though the amount payable is not in letter form, but is only in figures. It has been held that if the amount payable is in figures only it would not be fatally defective to that instrument. *Sweetser v. French*, 54 Mass. (13 Met.) 262 (1847).

It is noted that in 1923 a Washington statute stated one requirement of a negotiable promissory note to be "in *writing* . . . signed by the maker . . . ." Laws of 1899, ch. 149, § 184, p. 371. In *Citizens Bank of Georgetown v.*

*Jones,* 127 Wash. 294, 220 Pac. 787 (1923), a promissory note was, in effect, held to be enforceable even though the amount payable was stated on the note in figures only, and was not even written in the space designated for declaration of the amount payable.

Notwithstanding the fact that no exception was interposed to instruction No. 6, the defendant contends that the court commented on the evidence by said instruction in violation of art. 4, § 16 of the state constitution which provides that "Judges shall not charge juries with respect to matters of fact, nor comment thereon, . . ."; hence no exception is necessary if a comment was made. We agree with the defendant that "Where, however, the instructions invade a constitutional right of the accused, it is not necessary, in order to have such error reviewed, that an exception be taken . . . ." *State v. Warwick,* 105 Wash. 634, 637, 178 Pac. 977 (1919); *State v. Marsh,* 126 Wash. 142, 217 Pac. 705 (1923). However, did the trial court comment on the evidence? The answer is no.

That portion of instruction No. 6 which is involved in this argument is as follows:

> As to Count I, if you are convinced beyond a reasonable doubt that the defendant, Frank Haynes, did, in the County of Snohomish, State of Washington, on or about the 17th day of June, 1965, *by color and aid of an instrument received in evidence and marked as Exhibit "13",* wilfully attempt to obtain from Chaffee Company merchandise of the value of more than $25.00 in lawful money . . . . (Italics ours.)

The defendant's argument is premised upon the fact that the jury could conclude that the court had told it that exhibit No. 13 is the check by which the defendant unlawfully attempted to obtain merchandise from the Chaffee Company, and hence a comment on the evidence. We do not believe that the language in this instruction is subject to such criticism and in any way productive of such result. The instruction only informs the jury that in order to find the defendant guilty, it must find that exhibit No. 13 is the instrument by which he attempted to defraud the Chaffee

Company. There is no assumption of fact in this instruction that the defendant was in any way involved in the alleged criminal activities.

 It is also argued that instruction No. 6 is erroneous in that it departs from and is at variance with the information filed against the defendant. We hasten to say that this is not a case wherein an instruction is given upon which the defendant could be found guilty of a crime not charged in the information as was the situation in *State v. Thompson,* 68 Wn.2d 536, 413 P.2d 951 (1966). In the instant case the defendant was charged with attempted grand larceny by check, and the instruction submitted to the jury stated if the defendant "by color and aid of *an instrument* received in evidence and marked as Exhibit '13', wilfully attempt to obtain from Chaffee Company merchandise of the value of more than $25.00 in lawful money . . ." (Italics ours), he should be found guilty on count 2. We have previously pointed out in this opinion that exhibit No. 13 is, as a matter of law, a check. Since the instrument referred to in instruction No. 6 is exhibit No. 13, a check, the jury could not be misled by the use of the word "instrument" in the instruction; therefore, we conclude there could be no prejudicial error in the giving of this instruction.

It is next urged that instruction No. 7 which refers to exhibit No. 1 is erroneous as it too is a comment on the evidence. Part of that instruction is as follows:

As to Count II, you are instructed that if you are convinced beyond a reasonable doubt that the defendant, Frank Haynes, did, in the County of Snohomish, State of Washington, on or about the 17th day of June, 1965, by color and aid of a check, in evidence as Exhibit "1", wilfully obtained from Tom Johnson, . . . merchandise of the value of more than $25.00 . . . .

We have disposed of the arguments made by the defendant with regard to this assignment of error in our discussion of instruction No. 6 as a comment on the evidence.

The trial court gave as instruction No. 5 the following:

The law of the state of Washington provides that every person who, with intent to deprive or defraud the owner

thereof, shall obtain from the owner or another the possession of any property by color or aid of any order for the payment or delivery of property or money or by any check, knowing that the maker or drawer of such order or check was not authorized or entitled to make or draw the same, steals such property and shall be guilty of larceny.

In this instruction neither grand nor petit larceny is defined. It is contended by the defendant that the jury could find him guilty under this instruction irrespective of value. Such an instruction, argues the defendant, read with others submitted to the jury, fails to state all elements of the crimes charged and it also is irreconcilable with those other instructions.

■ We cannot agree with these contentions. Instruction No. 5 is a mere prefatory instruction. It is followed by instructions which set out all the elements necessary to find the defendant guilty of the two crimes charged. We have said previously: "It is a familiar rule that instructions must be taken as a whole, and, if from the whole instruction it can be gathered that the jury were properly instructed as to all of the elements which constitute the crime, it is sufficient, notwithstanding some one of them omits some essential part." *State v. Denby*, 143 Wash. 288, 296, 255 Pac. 141 (1927), and have affirmed this position consistently. See *State v. Phillips*, 42 Wn.2d 137, 253 P.2d 919 (1953). In *McIntosh v. State*, 105 Neb. 328, 331, 180 N.W. 573, 12 A.L.R. 798 (1920), a larceny case, the court gave an abstract instruction on larceny which did not include one element of the crime, but a following instruction did state all elements of the crime. The Nebraska Supreme Court stated: "This court has repeatedly held that the charge to the jury must be considered as a whole, and when thus considered, if the law is correctly stated and the jury could not have been misled, that error will not lie for some defect in some instruction." Instruction No. 5 read with the other instructions is not inconsistent or irreconcilable, nor could it have misled the jury.

The defendant also urges that the trial court committed error in withdrawing the crime of petit larceny from the consideration of the jury as to count 2. Such a contention is not correct.

■ Instruction No. 7 specifically requires the jury to find that the goods be more than $25 in order to bring in a verdict of guilty of grand larceny. Testimony was adduced without objection that the value of the articles involved in the charge to the jury made in instruction No. 7 was about $328. This evidence was uncontradicted. Although defendant does not argue this point we now hold that the trial court was right in not instructing on petit larceny. In *State v. Snider,* 70 Wn.2d 326, 422 P.2d 816 (1967), we said: "To justify . . . an instruction [on a lesser included offense] there must be some basis in the evidence produced at trial positively inferring that the lesser crime was committed and upon which the jury could make a finding as to the lesser included offense."

In this case there is no evidence from which the jury could conclude that the defendant committed the lesser crime of petit larceny. The defendant was guilty of grand larceny or not guilty at all.

The judgment is affirmed.

DONWORTH, HAMILTON, and HALE, JJ., concur.

June 14, 1967. Petition for rehearing denied.