555 P.2d 321

STATE of Arizona, Appellee,

v.

Jack Michael WILSON, Appellant.

No. 3423–PR.

Supreme Court of Arizona,
In Banc.

Sept. 14, 1976.

Bruce E. Babbitt, Atty. Gen., Phoenix, John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellee.

Albert D. Noe, Tucson, for appellant.

GORDON, Justice:

Appellant, Jack Michael Wilson, was convicted by a jury of the crime of armed robbery and assault with a deadly weapon. The conviction was affirmed by the Court of Appeals, Division Two in a memorandum decision, 2 CA–CR 670 filed January 6, 1976. This Court granted review. Decision of the Court of Appeals vacated, and judgment of the Superior Court affirmed.

■ On appeal facts are viewed to support the verdict. *State v. Garcia,* 102 Ariz. 468, 433 P.2d 18 (1967). On August 7, 1974 at approximately nine o'clock in the evening appellant was a passenger in a white Pinto automobile that was observed in and near the Woolco Shopping Center parking lot. The parking lot was the agreed upon site where two law enforcement officers were to show $75,000 to the persons who were purported to have a thousand pounds of marijuana for sale. The $75,000 was contained in an ice chest in the trunk of the unmarked narcotics squad vehicle used by the two law enforcement officers. After codefendant, Robert Gerald Mayhew, observed the money he pointed a pistol in the face of Agent Sanders, grabbed the money and started to run away while carrying the ice chest. At the same time the white Pinto moved toward Mayhew and pulled up next to the undercover vehicle. The law enforcement officers fired at the Pinto which then veered away from defendant Mayhew. After the Pinto headed out of the parking lot and onto the street, appellant leveled a loaded shotgun at undercover officer Clink, who then shot at the Pinto. Within a few minutes the Pinto collided with another vehicle near an intersection and appellant was apprehended as he ran from the automobile.

Appellant sets forth six assignments of error: first, that the evidence was insufficient to justify a verdict of assault with a deadly weapon, second, that hearsay evidence was improperly admitted, third, that appellant was charged with two offenses arising out of the same conduct in violation of A.R.S. § 13–1641, fourth, that appellant was denied his right to a fair trial for reasons not due to his fault, fifth, that the trial court erred in its refusal of appellant's instruction on self-defense and sixth, the trial court erred in its refusal to instruct on the lesser offense of attempted robbery. We find no reversible error and affirm the judgment and sentence.

■ Appellant first urges that the evidence was insufficient as a matter of law to justify the verdict of assault with a deadly weapon because there was no evidence that appellant intended to inflict an injury on the law enforcement officer. We do not agree. The evidence before the jury was that appellant leveled a loaded shotgun at a law enforcement officer. This evidence is sufficient by itself to support a conviction of assault with a deadly weapon. *State v. Gary,* 112 Ariz. 470, 543 P.2d 782 (1975).

■ Appellant's second contention is that the trial court erred in admitting a tape recording of the police radio transmissions into evidence because the tape statements were hearsay. The tape recording contains extrajudicial statements made by persons at a time when there was no opportunity to cross-examine the declarants, and, if introduced to prove the truth of the

words spoken, constitute hearsay. *State v. Lane,* 72 Ariz. 220, 233 P.2d 437 (1951). The state contends that since the taped conversations were offered as evidence of the "state of mind" of the law enforcement officer at the time he shot at the Pinto automobile the admission was proper.

When evidence of an out-of-court declaration of "third parties is offered for the purpose of showing their effect on a person whose conduct is in question" the hearsay rule is inapplicable. Udall, Arizona Law of Evidence, § 173. See *State v. King,* 106 Ariz. 478, 478 P.2d 102 (1970). In this case since there is no legal issue as to the conduct of the law enforcement officer, his state of mind is not material. Although the admission of the tape recording was error, an examination of the record indicates that the statements contained in the police radio transcripts are basically in the nature of cumulative evidence and do not identify the appellant; the record also fails to disclose any significant prejudice. Therefore, the admission of the transcripts constitutes technical error which does not affect any substantial right of the appellant and is not as such a proper ground for reversal. *State v. Springer,* 102 Ariz. 238, 428 P.2d 95 (1967).

Appellant's third contention is that he was charged with two offenses arising out of the same conduct in violation of A.R.S. § 13–1641. We do not agree. The test to be used in determining whether § 13–1641 had been violated is the "identical elements test". *State v. George,* 108 Ariz. 5, 491 P.2d 838 (1971). The evidence shows that the act of assault with a deadly weapon (the pointing of a loaded shotgun at Officer Click) occurred after the act that constituted armed robbery (of Agent Sanders), and neither act contains "identical elements". These acts were neither a single act nor separate acts so interwined as to preclude more than one charge. There is no violation of A.R.S. § 13–1641. *State v. Belcher,* 108 Ariz. 290, 496 P.2d 590 (1972).

Appellant next urges that he was denied his right to a fair and impartial trial based upon three events that occurred during his trial.

The first event was the entry into the courtroom of two armed and uniformed guards during the opening statement of the prosecutor. Appellant urges that the appearance of the deputies in the presence of the jury gave rise to a prejudicial implication that there was something dangerous about the appellant. We find appellant's contention to be without merit. The presence of the uniformed deputies was shown by the record to be necessary to keep order in the courtroom. On two separate occasions the officers were needed to expel unruly spectators from the courtroom. The record indicates that the appellant was not prejudiced by the appearance and presence of the deputies. The trial judge, who was in a much better position to evaluate the effect of the presence of the officers so found:

"THE COURT: Just as beauty is in the eye of the beholder, I think prejudice is in the eye of the beholder. I looked at the jury when the deputies entered the courtroom, and I didn't get any reaction. I didn't see any reaction from anybody. Not that I don't think that Mr. Noe believes what he said that he saw, but I think that each person perhaps sees things from their own interpretative point of view, and being the only impartial person, aside from the jurors, in the courtroom I don't see anything on the action."

The second event involved some derogatory remarks made by a spectator in close proximity to several members of the jury. The jury was asked whether any member had overheard the spectator's conversation and no juror indicated that he was aware of the incident. We find no abuse of the trial court's discretion in its denial of appellant's motion for a mistrial. *State v. Morrow,* 111 Ariz. 268, 528 P.2d 612 (1974).

■ The third event involved the testimony of a witness for the State. During cross-examination by counsel for codefendant, the witness testified that he was "more interested in the fleeing felon". Appellant urges that this remark implied to the jury that the appellant had a previous criminal record. We have previously held that reference to a "mug shot" could lead the jury only to the obvious conclusion, i. e., that the defendant had previously been arrested, and this reference amounted to prejudicial error. *State v. Jacobs,* 94 Ariz. 211, 382 P.2d 683 (1963). The testimony in question[1] concerned an incident which occurred after the robbery at the shopping center parking lot and immediately after a high speed chase of the white Pinto automobile containing the appellant passenger. The trial transcript indicates that the remark was in reference to the appellant passenger. A close review of the trial transcript shows that the remark was clearly in reference to the appellant's behavior at the scene of arrest and does not refer to any personal knowledge that the officer had about the identity of the appellant or his previous criminal history. We find no reversible error.

■ Appellant next contends that the trial court erred in its refusal to instruct on self-defense. The record indicates that appellant leveled the shotgun at the undercover law enforcement officer in his attempt to flee the scene of the robbery. The evidence in the present case does not require a charge of self-defense since this defense is not available to one at fault in provoking the difficulty. *State v. Jones,* 95 Ariz. 4, 385 P.2d 1019 (1963).

As stated in *Carter v. State,* 18 Ariz. 369, 375, 161 P. 878, 880 (1916): "The right of self-defense may be tersely stated as the law of necessity. * * * The accused cannot intend to produce the occasion and then shield himself on the ground of necessity." There was no error in the court's refusal to give an instruction of self-defense.

■ Appellant's final contention, the trial court's refusal to instruct on the crime of attempted robbery, is also without merit. A defendant is entitled to instructions on the lesser offenses if a reasonable interpretation of the evidence indicates that he could be guilty of these offenses. *State v. Moore,* 112 Ariz. 271, 540 P.2d 1252 (1975). The facts in the present case clearly show that the property was taken from the trunk of the law enforcement vehicle by a show of force and carried a short distance away before it was dropped. Clearly, under the evidence, appellant and his codefendant can only be guilty of the crime of robbery or not guilty at all. The law does not require instructions on all offenses theoretically included in every criminal information based upon the possibility that the jury might simply disbelieve the state's evidence. *State v. Schroeder,* 95 Ariz. 255, 389 P.2d 255 (1964).

Judgment of the trial court affirmed. Memorandum decision of the Court of Appeals, 2 CA–CR 670, filed January 6, 1976, vacated.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.

---

1. "Q. And at the time it [the police vehicle] was hit you were jumping out of the way?"
"A. Well, I was slightly pushed, and I moved to the side as the vehicle started rolling away from me.

"Q. Did you make an attempt to go after the vehicle?"
"A. No, I was more concerned about the fleeing felon."