[No. 2364–2.   Division Two.   July 19, 1977.]

THE STATE OF WASHINGTON, *Respondent,* v. RALPH RHODES, *Appellant.*

192

*James R. Short,* for appellant.

*Craig Ritchie, Prosecuting Attorney,* for respondent.

PEARSON, J.—Ralph Rhodes appeals his misdemeanor conviction for possession of marijuana following a trial by jury in which he was also acquitted of delivery of marijuana. He argues three issues: (1) that he was placed in double jeopardy by having been charged with both delivery and the lesser–included offense of possession; (2) that the evidence was insufficient to sustain the possession charge, inasmuch as it merged into the delivery charge of which he was acquitted; and (3) that the court should have declared a mistrial when a police dispatcher for the Town of Forks appeared as a prosecution witness and defendant's counsel was also a city attorney for Forks. We affirm the conviction.

On the afternoon of June 13, 1975, defendant and one Paul Matthews, a special deputy sheriff for Clallam County, met in the Wagon Wheel Tavern in Port Angeles. Matthews testified that they left the tavern together, and that defendant then offered him some marijuana to smoke.

Matthews produced a corncob pipe, which defendant filled with a vegetable matter and commenced to smoke. Thereafter, defendant offered Matthews a marijuana cigarette in trade for the pipe. Matthews agreed, and the exchange was made. Defendant testified that he spoke with Matthews in the tavern, but denied any involvement with the alleged marijuana transaction. Defendant was charged with one count of delivery of marijuana (count 1) and one count of possession of marijuana (count 2).

■■ We first take up the double jeopardy contention. Possession of marijuana is a lesser–included offense of the crime of delivery of marijuana. *See State v. Cowles,* 14 Wn. App. 14, 538 P.2d 840 (1975). When a finding of guilty is made regarding both the greater and the lesser–included offense, the entry of judgment for the lesser offense must be vacated, as it is deemed to have merged in the finding of guilty of the greater offense. *State v. Waldenburg,* 9 Wn. App. 529, 513 P.2d 577 (1973). This does not, however, mean that a simultaneous trial of a defendant on both the greater and the lesser offense is a violation of the double jeopardy provisions in either the state or the federal constitutions. In *Waldenburg, supra* at page 532, the court discussed the situation as follows:

> The double jeopardy principles cited in [*State v. Roybal,* 82 Wn.2d 577, 512 P.2d 718 (1973)] contemplate successive trials. No authority has been cited to us stating that one can be placed in double jeopardy by one information or indictment containing several counts.
>
> The purpose of the ban on double jeopardy has been said to be to prevent "repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, . . ." *Green v. United States,* 355 U.S. 184, 187, 2 L. Ed. 2d 199, 78 S. Ct. 221, 61 A.L.R.2d 1119 (1957). Charging multiple counts in one information or indictment presents no conflict with this stated purpose.

(Footnote omitted.) Double jeopardy does not act to invalidate the simultaneous trial of both counts where, as here,

there was an acquittal on count 1, the greater offense, and a conviction on count 2, the lesser offense. *See State v. Cowles, supra; State v. Waldenburg, supra.*

Defendant's reliance on *State v. Bresolin,* 13 Wn. App. 386, 534 P.2d 1394 (1975), is misplaced. *Bresolin* properly disapproved a conviction for assault in the second degree when the evidence in support of that charge was the *same* evidence used to prove that the assaultive force had also been used in a robbery of the assault victim. In this case, for the jury to have convicted defendant of the charge of delivery, it would have had to find him guilty, not only of possessing marijuana, but also of transferring it to Matthews. *State v. Gerke,* 6 Wn. App. 137, 491 P.2d 1316 (1971). Thus, the proof of the one offense would have required more evidence than the other, and *Bresolin* does not apply.

█ Defendant also argues that an acquittal on count 1 requires a reversal of his conviction on count 2, on the theory that the latter was merged into the former. This argument is based upon the assumption that the acquittal on the charge of delivery of the marijuana cigarette requires us to believe that the marijuana of which the jury found defendant in possession had to have been the residue in the corncob pipe, which was never identified as marijuana at trial. The underlying assumption is faulty, however, because the acquittal on the charge of delivery of the cigarette that was identified as marijuana did not necessitate an acquittal for its possession. The jury could simply have found that defendant possessed the cigarette without having found that he "willfully" and "unlawfully" intended to deliver it, as charged in the information and as the jury was instructed. There was substantial evidence that defendant possessed a cigarette filled with marijuana, and there is no basis for error.

Defendant's final contention is based on the following facts. He was defended by an attorney who also served as a prosecutor for the Town of Forks. One of the State's witnesses was a dispatcher for the Forks Police Department

and was also a jailor in that town. However, the witness had never been deputized by the Town of Forks, did not carry a deputy's card, had never been a trial witness for the town, and was unknown to defendant's attorney. Nevertheless, counsel moved for a mistrial prior to a cross–examination of the witness, arguing that he believed there could be a conflict of interest. The motion was denied after extensive argument, and after it was suggested that additional counsel be appointed for the purpose of cross–examining the witness. Defendant's counsel rejected the suggestion, and refused to cross–examine the witness himself. The testimony elicited from this witness on direct examination was significant only in that it tended to show that the witness had seen the corncob pipe in defendant's possession.

Defendant contends there would have been a conflict of interest if his attorney had cross–examined the Forks police dispatcher, and that he was denied the effective assistance of counsel when his attorney refused to cross–examine the witness. We note that full disclosure was made to all parties, that alternative solutions were suggested, and that it appears that no objection to the cross–examination was made, or would have been made, by either the defendant or by the prosecution. Nevertheless, we decline to express an opinion regarding the possibility of a conflict of interest as that is a matter between the attorney and the bar association,[1] and it affects defendant only to the extent that he may have been deprived of the effective assistance of counsel.

---

[1] Opinions 88 and 146 of the Washington State Bar Association, Comm. on the Code of Professional Responsibility, Wash. State Bar Ass'n, *Digest of Opinions on Matters of Professional Responsibility and Legal Ethics* (1977) are suggested as relevant:

"City attorneys of third class cities may defend criminal actions in the superior and justice courts or in any other courts when the complaint does not originate in the court where they prosecute and when, because of a shortage of lawyers within the area, an accused would have to travel long distances to obtain counsel."

"A city attorney may not represent a criminal defendant in any court unless no other representation is available."

■ In *State v. Myers*, 86 Wn.2d 419, 424, 545 P.2d 538 (1976), the court made the following observations:

> The right to effective assistance of counsel is a fundamental one, guaranteed by the sixth amendment to the United States Constitution. In the absence of a clear waiver, the right to effective assistance of counsel requires assistance that is unimpaired by the simultaneous representation of conflicting interest. It is well established, however, that there must be some prejudice to a defendant before a denial of the effective assistance of counsel based on joint representation will be found. The test for determining whether a defendant has been denied the effective assistance of counsel is as follows: "'After considering the *entire record,* can it be said that the accused was afforded an *effective representation* and a *fair* and *impartial* trial?'" *State v. Johnson,* 74 Wn.2d 567, 570, 445 P.2d 726 (1968), quoting *State v. Thomas,* 71 Wn.2d 470, 471, 429 P.2d 231 (1967).

(Citations omitted.)

■ In the instant case, defendant's counsel elected not to cross-examine a witness who testified briefly regarding a factual issue, defendant's possession of a corncob pipe, the inference from which, that defendant had traded the marijuana for the pipe, the jury resolved in defendant's favor. Clearly there was no prejudice to defendant, and the court's denial of his motion for a mistrial was not error.

The judgment is affirmed.

PETRIE, C.J., and REED, J., concur.