[No. 3704–II.   Division Two.   December 31, 1979.]

THE STATE OF WASHINGTON, *Appellant*, v. JOHN H. RAPP, *Respondent.*

---

[4]RCW 9A.04.080, the current criminal limitation statute, contains a similar "extension" provision.

*Patrick D. Sutherland, Prosecuting Attorney,* and *Chris Pomeroy* and *William T. Gissberg, Deputies,* for appellant.

*John L. Jarrett,* for respondent.

PETRIE, J.—The State of Washington appeals from an order of the trial court requiring the prosecutor to elect to prosecute on only two counts of a 4–count information and to dismiss the two counts not elected.

On July 20, 1978, an information was filed charging the defendant with four counts of criminal violations of RCW 69.50.401(a).[1] The information charged in count 1 that defendant, on May 3, 1978, had possession of a controlled substance with intent to deliver; and in count 2 that on the same date, did deliver the substance; further, in count 3, defendant was charged with possession of a controlled substance with intent to deliver on May 25, 1978; and in count 4 that on the same date he did deliver that substance.

---

[1]RCW 69.50.401(a) states:

"Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance."

On August 28, 1978, defendant filed a motion to dismiss counts 1 and 3, or in the alternative, to compel the State to elect between counts 1 and 2 and between counts 3 and 4. He contended that the offense of delivery includes the lesser offense of possession with intent to deliver, and therefore, the charging on all four counts violates his right to be protected against double jeopardy because the defendant cannot be convicted or sentenced on more than two of the counts. The trial court granted defendant's motion and ordered the State to make an election, and to dismiss the counts not elected.

■■ Initially, we hold that the trial court was correct in concluding that the crime of possession with intent to deliver a controlled substance is a lesser included offense of the crime of delivery of a controlled substance. The standard for determining when a lesser included offense exists was articulated in *State v. Roybal,* 82 Wn.2d 577, 583, 512 P.2d 718 (1973):

> A lesser included offense exists when all of the elements of the lesser offense are necessary elements of the greater offense. Put another way, if it is possible to commit the greater offense without having committed the lesser offense, the latter is not an included crime.

(Citation omitted.) RCW 69.50.401(a) on its face does not expressly require proof of an intent to deliver when the charge is delivery of a controlled substance. However, it has recently been held that guilty knowledge (*i.e.,* intent) is an element of the crime of delivery. *State v. Boyer,* 91 Wn.2d 342, 588 P.2d 1151 (1979); *State v. McKeown,* 23 Wn. App. 582, 596 P.2d 1100 (1979).

Therefore, because the State must prove intent in order to convict of delivery as well as to convict of possession with intent to deliver under the statute, we conclude that the latter is a lesser included offense of the former because it is impossible to commit the offense of delivery without having committed the offense of possession with intent to deliver.

Next, we examine the State's sole assignment of error which contends that the trial court erred in ordering the prosecutor to elect between counts 1 and 2 and between counts 3 and 4 of the information. The State claims that they are entitled to try the defendant on all four counts as long as he is convicted and sentenced on no more than two counts. Defendant, on the other hand, asserts that he will be placed in double jeopardy if the prosecutor is allowed to charge him with all four counts.

In *State v. Rhodes,* 18 Wn. App. 191, 567 P.2d 249 (1977), the defendant was charged and tried for both possession and delivery of marijuana. Following the trial, he was convicted of possession of marijuana, but was acquitted of delivery. On appeal he argued that he was placed in double jeopardy by having been charged with both delivery and the lesser included offense of possession. Relying on *State v. Waldenburg,* 9 Wn. App. 529, 513 P.2d 577 (1973), the court in *Rhodes* stated:

> When a finding of guilty is made regarding both the greater and the lesser–included offense, the entry of judgment for the lesser offense must be vacated, as it is deemed to have merged in the finding of guilty of the greater offense. *State v. Waldenburg,* 9 Wn. App. 529, 513 P.2d 577 (1973). This does not, however, mean that a simultaneous trial of a defendant on both the greater and the lesser offense is a violation of the double jeopardy provisions in either the state or the federal constitutions.

*State v. Rhodes, supra* at 193.

*Rhodes* and *Waldenburg* appear to conflict with *State v. Bresolin,* 13 Wn. App. 386, 394, 534 P.2d 1394 (1975), where the court stated:

> Where an act constituting a crime also constitutes an element of another crime, a defendant is placed in double jeopardy if he is charged with both crimes.

Recently, however, in *State v. Johnson,* 92 Wn.2d 671, 600 P.2d 1249 (1979), a decision which the trial court did not have the benefit of at the time of its ruling, the Supreme Court settled the conflict, at least with regard to

charging the defendant with both the greater and lesser included offenses.

■ In *Johnson,* the defendant was charged, tried, and found guilty of two counts each of first–degree rape, first–degree kidnapping, and first–degree assault. Defendant appealed claiming that the prosecutor should not have been permitted to charge him with the crimes of kidnapping and assault because those crimes were incidental to and elements of the central crime of rape. Likewise, in the present case, the defendant asserts that the two possession offenses were incidental to and involved the same elements as the two delivery offenses. The Supreme Court in *Johnson* concluded that the defendant could only be *convicted* on one of the three charges, and therefore, remanded the case with directions to strike the kidnapping and assault convictions. But the court went on to state:

> However, this does not mean that the prosecutor should not be permitted to prosecute for included offenses or that the jury should not consider such offenses in reaching its verdict. What it does mean is that the jury should be instructed that if it finds the defendant guilty of a greater offense, it cannot find him guilty of a lesser offense which is included in the greater.

(Footnote omitted.) *State v. Johnson, supra* at 680.

Therefore, in the case at bench, the State is entitled to charge and try the defendant on all four counts as long as the jury is instructed that if it finds defendant guilty of count 2 (delivery), it cannot find him guilty of count 1 (possession), and likewise, if it finds him guilty of count 4, it cannot find him guilty of count 3.

Reversed and remanded for further proceedings in accordance with this opinion.

PEARSON, C.J., and REED, J., concur.

Reconsideration denied January 30, 1980.