[Nos. 6493–0–III; 7032–8–III. Division Three. August 6, 1985.]

THE STATE OF WASHINGTON, *Respondent*, v. FLEETWOOD
EDWARD WILSON, *Appellant.*

*In the Matter of the Personal Restraint of*
FLEETWOOD EDWARD WILSON, *Petitioner.*

*Fleetwood Edward Wilson,* pro se, *Thomas Bothwell,* and *Bothwell & Lorello,* for appellant (appointed counsel for appeal).

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Howard Hansen, Deputy,* for respondent.

THOMPSON, J.—Fleetwood Wilson appeals his conviction of one count of delivery of a controlled substance, RCW 69.50.401(a). By personal restraint petition he challenges state court jurisdiction. We reverse the conviction, remand for a new trial and dismiss the personal restraint petition.

On the evening of January 31, 1984, Yakima city police officer Marva Barnes was working on an undercover prostitution detail. At approximately 10:30 p.m. she encountered Fleetwood Wilson. She testified he parked his car at the curb, rolled down the window and offered her a marijuana cigarette. Officer Barnes testified she accepted the marijuana and walked around the corner, signaling for her backup team who thereafter arrested Mr. Wilson. At trial, Mr. Wilson denied being in possession of any marijuana. He was convicted of delivering a controlled substance, RCW 69.50.401(a),[1] and sentenced to prison for 5 years. His state prison sentence and a prior federal sentence were ordered to run consecutively.

Mr. Wilson contends the trial court erred in refusing to give his requested instruction on the lesser included offense of possession. We agree. A misdemeanor

---

[1]RCW 69.50.401(a):

"Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance."

charge of possession of marijuana is a lesser included offense of the crime of delivery of marijuana. *State v. Jones,* 25 Wn. App. 746, 749–50, 610 P.2d 934 (1980); *State v. Rapp,* 25 Wn. App. 63, 65, 604 P.2d 534 (1979); *State v. Rhodes,* 18 Wn. App. 191, 193, 567 P.2d 249 (1977). *State v. Workman,* 90 Wn.2d 443, 584 P.2d 382 (1978) sets forth a 2-prong test for determining whether an instruction for a lesser included offense must be given.

First, each of the elements of the lesser offense must be a necessary element of the offense charged. Second, the evidence in the case must support an inference that the lesser crime was committed.

(Citations omitted.) *Workman,* at 447–48.

The State admits the first prong of the test is satisfied, but argues the lesser crime is not supported by evidence in this case because Mr. Wilson totally denied possession of the marijuana. Where such a denial is present, courts have, in certain circumstances, concluded the evidence will not support giving the lesser crime instruction. Under this analysis the defendant is held to be guilty of the greater crime, or none at all. *See, e.g., State v. Haynes,* 71 Wn.2d 136, 142, 426 P.2d 851 (1967); *State v. Snider,* 70 Wn.2d 326, 327, 422 P.2d 816 (1967); *State v. Cozza,* 19 Wn. App. 623, 626, 576 P.2d 1336 (1978).

However,

it is not incumbent upon the defendant, before such an instruction will be given, to show facts from which a jury might draw the conclusion that the lesser crime and not the greater was, in fact, committed; . . .

*State v. Gottstein,* 111 Wash. 600, 602, 191 P. 766 (1920).

In order to establish "delivery", the State was required to prove the "actual, constructive, or attempted transfer from one person to another of a controlled substance, . . ." RCW 69.50.101(f). In this case, this necessarily required actual or constructive possession by the accused. The evidence presented at trial by the State itself included actual possession, *i.e.,* physical custody of the controlled substance. *See State v. Callahan,* 77 Wn.2d 27, 29, 459 P.2d 400 (1969);

*State v. Hystad,* 36 Wn. App. 42, 48, 671 P.2d 793 (1983). This evidence, regardless of its source, supports an inference possession in fact occurred. Where there is evidence to support giving a lesser included offense instruction, failure to give it has never been held harmless. *State v. Parker,* 102 Wn.2d 161, 683 P.2d 189 (1984).

Pro se Mr. Wilson contends (1) the information charged only possession; (2) trial counsel failed to bring this to the court's attention; (3) he was only allowed to disqualify two jurors based on the court's desire to go on with the trial; (4) the state prosecution should have been stayed based on the prior federal conviction which was pending appeal; (5) excess media coverage prejudiced his case; and (6) the Interstate Agreement on Detainers Act, 18 U.S.C. app. § 2, at 545 (1982) was violated, thereby rendering state jurisdiction invalid.

Because of our prior holding, resolution of the first five pro se issues is unnecessary; however, we note the information expressly charges delivery.

By personal restraint petition Mr. Wilson reiterates his final pro se claim the state court lacked jurisdiction over him. Mr. Wilson asserts that he was arrested on a state charge during the time in which he was released pending sentencing on a prior federal conviction. He states he was subsequently released from pretrial detention in the Yakima County Jail to appear in federal court where he was given a 3–year federal sentence. His state trial then proceeded after which a judgment and a 5–year sentence were imposed to run "consecutively with defendant's federal commitment". In essence, he asks us to invalidate state court jurisdiction based on absence of a detainer or a writ of habeas corpus releasing him from federal custody. Under the facts of this case, neither was necessary.

 The Interstate Agreement on Detainers Act, 18 U.S.C. app. § 2, at 545, codified as RCW 9.100.010, establishes procedures for the transfer of a prisoner from one jurisdiction to another for the disposition of a pending untried indictment, information or complaint. Operative

rights of a prisoner under the detainer act arise only when the accused has begun his term of imprisonment, however. *McQueary v. State,* 21 Wn. App. 658, 660–61, 585 P.2d 1197 (1978). Moreover, a federal sentence of imprisonment commences to run only after a convicted person is received at a penitentiary, reformatory, or jail. 18 U.S.C. § 3568. Here, any remedies claimed under the act would not be available until Mr. Wilson was actually incarcerated on the federal conviction.

█ Although a writ of habeas corpus ad prosequendum is commonly issued to obtain a prisoner from federal authorities, *Smith v. Hooey,* 393 U.S. 374, 21 L. Ed. 2d 607, 89 S. Ct. 575 (1969), the record contains no evidence such a writ was filed in this instance. In fact, no evidence of any communication between the state and federal authorities is in the record. Nevertheless, a court has exclusive personal jurisdiction over any party who appears before it, regardless of how that appearance was effected. *United States v. Warren,* 610 F.2d 680, 684 n.8 (9th Cir. 1980); *see also Ponzi v. Fessenden,* 258 U.S. 254, 66 L. Ed. 607, 42 S. Ct. 309, 22 A.L.R. 879 (1922); *Stamphill v. Johnston,* 136 F.2d 291, 292–93 (9th Cir.), *cert. denied,* 320 U.S. 766, 88 L. Ed. 457, 64 S. Ct. 70 (1943). Moreover, the decision to allow the state authorities to try a federal prisoner belongs to the federal government and a transfer from federal to state authorities is presumed authorized absent a showing to the contrary. *In re Harris,* 38 Wn. App. 684, 686, 689 P.2d 95 (1984).

Given the fact Mr. Wilson was returned to the custody of state authorities for prosecution after the federal sentence was imposed, Mr. Wilson has not made a showing the federal government did not consent to his transfer. As was the case in *Stamphill,* at 292:

> the arrangement made between the two sovereigns, the state and federal governments, does not concern the defendant who has violated the laws of each sovereignty and he cannot in his own right demand priority for the judgment of either.

*See also Wiesenthal v. United States,* 322 F.2d 231, 233 (9th Cir. 1963).

We therefore dismiss the personal restraint petition but reverse and remand for a new trial consistent with this opinion.

McINTURFF, A.C.J., and MUNSON, J., concur.

Reconsideration denied September 17, 1985.

Review denied by Supreme Court December 18, 1985.