[No. 17199-2-I. Division One. August 10, 1987.]

THE STATE OF WASHINGTON, *Respondent*, v. JORGE CISNEROS RODRIGUEZ, *Appellant*.

*Dori B. Jones* of *Washington Appellate Defender Association*, for appellant.

*Norm Maleng, Prosecuting Attorney*, and *James Leslie, Deputy*, for respondent.

SWANSON, J.—Jorge Cisneros Rodriguez appeals from the judgment and sentence following his conviction for delivery of a controlled substance. He contends the trial court erred by failing to give his proposed instructions on the lesser included offense of possession of 40 grams or less of marijuana.

The appellant was charged with a violation of the Uniform Controlled Substances Act, *i.e.*, the delivery of marijuana to a Seattle police officer. RCW 69.50.401(a). A jury found Rodriguez guilty as charged.

Seattle Police Officer Edward Maser testified that on March 5, 1985, at approximately 1:30 p.m., he was walking east in the 100 block of Pine Street. Maser was part of a 3–

officer undercover team attempting to purchase drugs in the area. The two other officers observed Maser with binoculars from a nearby building. Maser was approached by a woman who asked, "Do you want to buy some weed?" When Maser replied, "Yeah," the woman motioned toward the defendant. The defendant then motioned the officer into the doorway of a restaurant.

Maser followed the defendant into the doorway, out of sight of the two surveillance officers, and told the defendant he wanted a gram. The defendant showed the officer "two baggies of weed." Maser inspected them, selected one, and gave the defendant $10. Maser returned to the two surveillance officers, Fred Ibuki and Joe Brower, and pointed out the defendant. Officers Ibuki and Brower observed the defendant before and after the transaction, which lasted 1½ to 4 minutes. A state criminalist identified the purchased substance as .7 grams of marijuana. The defense rested without presenting any evidence.

At the end of the trial, defendant's counsel objected to the trial court's failure to give his proposed instructions on the lesser included offense of possession of 40 grams or less of marijuana. RCW 69.50.401(e). The trial court concluded that there was insufficient evidence to support the instruction. We agree.

Our Supreme Court has set forth a 2–part test for determining whether an instruction for a lesser included offense must be given:

First, each of the elements of the lesser offense must be a necessary element of the offense charged. Second, the evidence in the case must support an inference that the lesser crime was committed.

(Citations omitted.) *State v. Workman*, 90 Wn.2d 443, 447–48, 584 P.2d 382 (1978); *see also State v. Pacheco*, 107 Wn.2d 59, 726 P.2d 981 (1986); *State v. Parker*, 102 Wn.2d 161, 683 P.2d 189 (1984); *State v. Partosa*, 41 Wn. App. 266, 703 P.2d 1070, *review denied*, 104 Wn.2d 1017 (1985).

A misdemeanor charge of possession of marijuana is a

lesser included offense of the crime of delivery. *State v. Wilson,* 41 Wn. App. 397, 704 P.2d 1217, *review denied,* 105 Wn.2d 1003 (1985); *State v. Rapp,* 25 Wn. App. 63, 65, 604 P.2d 534 (1979). Consequently, the first part, the "legal" prong of the *Workman* test, is established. At issue therefore is the second part, the "factual" prong.

The defendant contends the question is controlled by *State v. Wilson, supra.* In *Wilson,* under circumstances similar to those here, the court reversed the defendant's conviction for delivery of marijuana when the trial court declined to give the defendant's requested instruction on the lesser included offense of possession. At trial, an undercover police officer testified the defendant had offered her a marijuana cigarette and she had accepted. The defendant denied being in possession at all.

In reaching its decision, the *Wilson* court rejected a series of cases in which the trial court's decision not to give a lesser included instruction was upheld when the evidence, including the defendant's own theory, indicated that the defendant was guilty of the greater crime or not at all:

> However,
> it is not incumbent upon the defendant, before such an instruction will be given, to show facts from which a jury might draw the conclusion that the lesser crime and not the greater was, in fact, committed; . . .

*Wilson,* at 399 (quoting *State v. Gottstein,* 111 Wash. 600, 602, 191 P. 766 (1920)). Although the defendant in *Wilson,* unlike the instant case, apparently testified and denied being in possession at all, the court did not rely on this fact. Rather, the court found that the State's evidence that possession occurred as part of the delivery was sufficient to support an inference of possession and satisfy the factual prong. *Wilson,* at 399–400.

Here, as in *Wilson,* the State's evidence supports an inference that the defendant necessarily possessed the marijuana prior to delivery. However, we decline to follow *Wilson* to the extent it suggests that such evidence, stand-

ing alone and without consideration of the other circumstances developed at trial, automatically requires instruction on the lesser included offense of possession. We find more persuasive in this respect the authority apparently rejected by the *Wilson* court, which takes a slightly less literal view of the factual requirement and considers the evidence in light of the specific circumstances of the case, including the parties' theories. *See State v. Haynes,* 71 Wn.2d 136, 426 P.2d 851 (1967) (no evidence from which jury could conclude lesser included crime of petit larceny rather than grand larceny was committed); *State v. Snider,* 70 Wn.2d 326, 422 P.2d 816 (1967) (no evidence upon which to base instruction on larceny when defendant charged with robbery denied taking property); *State v. Cozza,* 19 Wn. App. 623, 576 P.2d 1336 (1978) (when defendant was charged with attempted second degree burglary, State's theory was complicity, and defendant's theory was nonparticipation, there was no evidence upon which to base lesser included instruction on attempted second degree criminal trespass); *see also State v. Pacheco, supra* (when only issue was identification and not whether first degree robbery committed, evidence did not support instruction on second degree robbery); *State v. Kruger,* 60 Wash. 542, 544, 111 P. 769 (1910) (never intent of law to submit possible verdict upon a so–called included crime because included in law; must be included in fact, and by the facts of the particular case).

The somewhat broader view of the factual prong exemplified by these decisions is further underscored by the requirement that the inference to be drawn from the evidence is that *only* the included crime was committed. *State v. Peters,* 47 Wn. App. 854, 860, 737 P.2d 693 (1987); *State v. Partosa, supra* at 270; *State v. Putnam,* 31 Wn. App. 156, 163, 639 P.2d 858, *review denied,* 97 Wn. 2d 1018 (1982); *State v. Donofrio,* 141 Wash. 132, 250 P. 951 (1926). Such an approach is also consistent with the underlying

purpose of the factual requirement, which is to prevent verdicts based solely on conjecture and sympathy:

This purpose is met only when the jury can, consistent with the facts presented, acquit defendant of the greater charge while convicting him of the lesser.

*State v. Parker, supra* at 170 (Utter, J., dissenting); *see also Amin v. State,* 694 P.2d 119 (Wyo. 1985) (a lesser included instruction that is not supported by the evidence confuses the jury and invites jury compromise).

In the instant case, the defendant presented no evidence. The only defense theory articulated during cross examination of the State's witnesses was a vague suggestion that the substance delivered might not have been marijuana.[1] Resolution of this contention in favor of the defendant would have necessitated acquittal of both delivery and possession. *Cf. Amin v. State, supra* at 124. Nor did the defense's repeated criticism of the police department's expenditure of resources on minor marijuana transactions support the requested instructions.

We can find no evidence in the record, nor does appellant point to any, supporting the slightest inference that the defendant was guilty of possession but not delivery. Thus, this is not a situation in which the defendant was precluded from presenting his theory to the jury because of the lack of an appropriate instruction. *Cf. also State v. Jones,* 95 Wn.2d 616, 628 P.2d 472 (1981) (trial court's failure to give lesser included instruction on manslaughter prevented defendant from presenting his theory that killing was unintentional by reason of his intoxication).

We recognize it is conceivable, given a lesser included instruction, that the jury could have chosen to disbelieve Maser's testimony about the sale and delivery but believe his testimony about the defendant's possession. *Cf. State v. Rhodes,* 18 Wn. App. 191, 567 P.2d 249 (1977) (acquittal on

---

[1]This "theory" was implicit in cross examination of the criminalist who identified the delivered substance. Defense counsel questioned the witness about whether there were substances other than coffee grounds that produce a "false positive" during chemical tests for marijuana.

charge of delivery of marijuana cigarette did not necessitate acquittal for possession). However, to have given the lesser included instruction under the facts of this case would have been to encourage the jury speculation that the factual prong is intended to prevent. The jury may always disbelieve any portion of a witness's testimony;

> but if the defendant would urge as an alternative theory that he committed only [the included crime], some evidence must be presented affirmatively to establish that theory.

*State v. Wheeler,* 22 Wn. App. 792, 797, 593 P.2d 550 (1979) (affirming trial court's refusal to give lesser included instruction); *cf. State v. Parker,* at 169–70 (Utter, J., dissenting) (arguing that majority opinion tacitly abandoned second prong of *Workman* by hypothesizing "that some unspecified facts in the record might have led the jury to convict on the lesser charge"). We do not perceive a requirement that a lesser included instruction be given *solely* because the jury might simply disbelieve the State's evidence. *Cf. State v. Wilson,* 113 Ariz. 363, 555 P.2d 321 (1976).

In *State v. Turner,* 115 Wash. 170, 196 P. 638 (1921), the defendant was convicted of bootlegging and assigned error to the trial court's failure to give an instruction on the lesser offense of unlawful possession of liquor. The court's rejection of this contention was based on evidence similar to that presented here:

> In this case, however, the testimony of the state's principal witness, Hatvedt, that he had purchased one drink, at the time alleged, from appellant, which was delivered to him in a glass in the rear of a pool hall, and that the liquor delivered to him by appellant was moonshine whiskey, there being no other evidence of the possession of any unlawful liquor by appellant except that delivered to the state's witness, the offense charged was either consummated by the sale to the state's witness, as testified to, or there was no offense committed at all. In other words, unless appellant consummated the crime of having intoxicating liquor in his possession and carrying it about with him with intent to sell is evidenced by the fact that he did sell then and there to the state's witness,

he had no liquor at all; and there is no justification for instructing the jury that they might find the defendant guilty of the lesser offense of the unlawful possession of intoxicating liquor. While we have always held that the jury has a right, under our criminal code, to determine the degree of the offense which was committed, we have also uniformly held that that determination must be based upon evidence.

*Turner,* at 173–74. We find this analysis equally applicable in the case sub judice.

In summary, there was no dispute regarding delivery, the key element distinguishing delivery from possession. Absent any disputed evidence on this issue, the trier of fact could not rationally find the defendant innocent of delivery and guilty of possession. *See State v. Peters, supra; cf. United States v. Chapman,* 615 F.2d 1294 (10th Cir.), *cert. denied,* 446 U.S. 967 (1980). Consequently, the defendant was guilty either of delivery or not at all, the factual prong of *Workman* was not satisfied, and the trial court did not err in denying the defendant's requested instructions.

The judgment is affirmed.

GROSSE, J., concurs.

WILLIAMS, J. (concurring)—I agree with the majority that the evidence does not support a reasonable inference that the lesser crime was committed. *See State v. Pacheco,* 107 Wn.2d 59, 69, 726 P.2d 981 (1986). From the evidence presented, no reasonable jury could have believed Rodriguez possessed marijuana but did not deliver it to Officer Maser. Such a scenario is simply incredible.

A contrary result in this case could only be achieved by abandoning the factual part of the test set forth in *State v. Workman,* 90 Wn.2d 443, 584 P.2d 382 (1978), a change in the law which this court is not authorized to make. *See State v. Gore,* 101 Wn.2d 481, 487, 681 P.2d 227 (1984).

Review denied by Supreme Court December 2, 1987.