82 P.3d 234 (2004)
150 Wash.2d 732
STATE of Washington, Respondent,
v.
Arrick Genniel PORTER, Petitioner, and
Kenneth Ray Horner a/k/a Ken R. Horner, and each of them, Defendant.
No. 72975-1.
Supreme Court of Washington, En Banc.
Argued June 24, 2003.
Decided January 15, 2004.
*235 Nielsen, Broman & Assoc., Christopher Gibson and David Koch, Seattle, for Petitioner.
Norm Maleng, King County Prosecutor, Melinda Young, Deputy, Lee Yates, Deputy, Seattle, for Respondent.
OWENS, J.
Arrick Porter was charged with selling cocaine to an undercover police officer. At trial, Porter denied selling cocaine to the officer and claimed instead that he had been attempting to buy cocaine from another person. At issue is whether, under the lesser included offense doctrine, a party is entitled to have the trial court instruct the jury on a lesser crime arising out of an act or transaction *236 different from the one giving rise to the charged crime.

FACTS
On July 27, 2000, Seattle Police Officer Laura Maccarrone was working undercover in a buy-bust drug operation in downtown Seattle. Approached by a man later identified as Kenneth Horner, Officer Maccarrone told him that she was looking to buy crack cocaine and had $30 to spend. Horner approached Porter, talked with him briefly, and then directed Officer Maccarone to join them on a park bench. According to Officer Maccarrone, Horner told Porter, "She wants a 30, don't do her wrong," and Porter responded, "I won't." Verbatim Report of Proceedings (VRP) (Nov. 1, 2000) at 22. Officer Maccarrone then reached across Horner to give Porter the $30 in buy money, and Porter in return gave her two rocks of crack cocaine. Approximately 30 to 40 feet away, Officer Donald Johnson, "a foot observation officer" in the buy-bust operation, witnessed the "hand exchange." Id. at 42, 44. Officer Maccarrone then stood up, gave the other officers her "prearranged good buy sign," and walked south out of the park with Horner, leaving Porter behind. Id. at 24. Officer Johnson reported watching Porter walk north through the park, contact an unidentified person behind a tree, and then jog westbound before joining two other people on a bench and making a hand exchange with one of them.
Both Porter and Horner were arrested and searched. No drugs or drug paraphernalia were found, nor was any of the prerecorded buy money recovered. By information filed on July 31, 2000, the State alleged that Porter and Horner "did deliver Cocaine ... to Seattle Police Officer [Maccarrone]," in violation of RCW 69.50.401(a)(1)(i).[1] Prior to trial, Horner pleaded guilty to a reduced charge of solicitation to deliver cocaine.
At trial, Porter claimed that he had gone to the park to buy cocaine, not sell it. He denied giving crack cocaine to Officer Maccarrone or taking any money from her. Rather, Porter testified that, after joining Horner and Officer Maccarrone on the park bench, he had asked Horner to "sell [him] a ten dollar piece for the seven dollars [he] had" but that Horner had declined, saying "all he had was 20." VRP (Nov. 2, 2000) at 45. Consistent with his testimony that he had unsuccessfully tried to buy cocaine from Horner, Porter proposed a series of jury instructions on the uncharged crime of attempted possession of cocaine. He also proposed an alternative verdict form, which allowed the jury, upon finding him not guilty of the crime of delivery of cocaine, to find him guilty of the crime of attempted possession of cocaine. Concluding that Porter's attempted possession of cocaine was not a lesser included offense of the crime charged, King County Superior Court Judge Douglass A. North rejected the proposed instructions and verdict form.
The jury found Porter guilty of one count of delivery of a controlled substance, in violation of RCW 69.50.401(a)(1)(i). Porter appealed, and in an unpublished, split decision, the Court of Appeals affirmed. State v. Porter, noted at 112 Wash.App. 1038 (2002). We granted Porter's petition for review.

ISSUE
Was Porter entitled to have the jury instructed on the lesser included offense of attempted possession of cocaine?

ANALYSIS
Standard of Review. The resolution of Porter's case hinges on the purely legal question of whether the lesser included offense doctrine entitles a party to a jury instruction on a lesser crime arising out of a physical act or transaction different from the one giving rise to the charged crime. Legal questions, including alleged errors of law in a trial court's jury instructions, are reviewed de novo. Hue v. Farmboy Spray Co., 127 *237 Wash.2d 67, 92, 896 P.2d 682 (1995); State v. Tamalini, 134 Wash.2d 725, 729, 953 P.2d 450 (1998).
Lesser Included Offenses: Threshold Requirement. In State v. Fernandez-Medina, 141 Wash.2d 448, 6 P.3d 1150 (2000), we recalled the "`ancient doctrine' that a criminal defendant may be held to answer for only those offenses contained in the indictment or information." Id. at 453, 6 P.3d 1150 (quoting Schmuck v. United States, 489 U.S. 705, 717-18, 109 S.Ct. 1443,103 L.Ed.2d 734 (1989)). As we also observed, "[c]onsistent with that notion, Wash. Const. art. I, § 22 preserves a defendant's `right to be informed of the charges again him and to be tried only for offenses charged.'" Id. (quoting State v. Peterson, 133 Wash.2d 885, 889, 948 P.2d 381 (1997)). In keeping with the constitutional requirement of notice, the lesser included offense doctrine entitles the prosecution or the defendant to a jury instruction on a crime other than the one charged only if "the commission of [the lesser offense] is necessarily included within [the offense] with which [the defendant] is charged in the indictment or information." RCW 10.61.006 (emphasis added). As we recognised in State v. Berlin, 133 Wash.2d 541, 947 P.2d 700 (1997), "[o]nly when the lesser included offense analysis is applied to the offenses as charged and prosecuted ... can both the requirements of constitutional notice and the ability to argue a theory of the case be met," an approach that is "fair to both the prosecution and the defense." Id. at 548, 947 P.2d 700 (emphasis added).
We have long applied the two-pronged Workman test to determine whether a lesser offense is included within the charged offense: "First, each of the elements of the lesser offense must be a necessary element of the offense charged. Second, the evidence in the case must support an inference that the lesser crime was committed." State v. Workman, 90 Wash.2d 443, 447-48, 584 P.2d 382 (1978) (citations omitted) (emphasis added). As to the first requirement (the legal prong), we have explained that, "`if it is possible to commit the greater offense without having committed the lesser offense, the latter is not an included crime.'" State v. Frazier, 99 Wash.2d 180, 191, 661 P.2d 126 (1983) (quoting State v. Roybal, 82 Wash.2d 577, 583, 512 P.2d 718 (1973) (emphasis added)). Put another way, under "the statutory approach," the elements of the lesser offense must be "necessarily" and "invariably" included among the elements of the greater charged offense. State v. Harris, 121 Wash.2d 317, 321-23, 325-26, 849 P.2d 1216 (1993) (holding that assault is not a lesser included offense of attempted murder because the elements of assault are not invariably included in attempted murder, given that murder may be attempted by taking a substantial step such as lying in wait); State v. Aumick, 126 Wash.2d 422, 428, 894 P.2d 1325 (1995) (recognizing that defendant "actually touched" victim but holding that legal prong was not satisfied because greater offense of attempted first degree rape could have been committed without the touching that supported the lesser offense of fourth degree assault); see also State v. Jackson, 112 Wash.2d 867, 878, 774 P.2d 1211 (1989) (holding that "[m]alicious mischief is not a lesser included offense of attempted burglary because one does not invariably cause physical damage while attempting a burglary").
To satisfy the second Workman requirement (the factual prong), there must be "a factual showing more particularized than [the sufficient evidence already] required for other jury instructions": "Specifically, we have held that the evidence must raise an inference that only the lesser included ... offense was committed to the exclusion of the charged offense." Fernandez-Medina, 141 Wash.2d at 455, 6 P.3d 1150 (citing, inter alia, State v. Bowerman, 115 Wash.2d 794, 805, 802 P.2d 116 (1990)). In other words, "the evidence must affirmatively establish the defendant's theory of the case  it is not enough that the jury might disbelieve the evidence pointing to guilt." Id. at 456, 6 P.3d 1150 (citing State v. Fowler, 114 Wash.2d 59, 67, 785 P.2d 808 (1990), overruled on other grounds by State v. Blair, 117 Wash.2d 479, 816 P.2d 718 (1991)).
Where the Workman test has been applied, the lesser, allegedly included offense has consistently been based on the same criminal act or transaction supporting the *238 greater offense. For example, where instructions on lesser included offenses have been sought in drug prosecutions, the greater and lesser offenses have involved the same drugs and the same parties to the transaction. See, e.g., State v. Rodriguez, 48 Wash. App. 815, 740 P.2d 904 (1987) (defendant charged with delivery of marijuana to police officer in doorway sought instruction on lesser offense of possessing marijuana); State v. Jones, 25 Wash.App. 746, 610 P.2d 934 (1980) (defendant charged with delivering 40 grams of marijuana to undercover police officer argued felony possession of same was lesser included offense); State v. Rhodes, 18 Wash.App. 191, 567 P.2d 249 (1977) (defendant's possession of marijuana cigarette was lesser included offense of delivery of same cigarette to police officer). Likewise, in cases involving crimes against individuals, the lesser, allegedly included offenses have involved the same acts and victims. See, e.g., State v. Warden, 133 Wash.2d 559, 947 P.2d 708 (1997) (charged crime of first degree murder and lesser offense of manslaughter based on attack on same victim); Aumick, 126 Wash.2d 422, 894 P.2d 1325 (charged crime of attempted first degree rape and lesser offense of fourth degree assault committed against same victim); Fowler, 114 Wash.2d 59, 785 P.2d 808 (charged crime of second degree assault while armed with a deadly weapon and lesser offense of unlawful display of a firearm based on defendant's road rage act of pulling gun from holster and aiming it at car's occupants). Indeed, Porter has cited no case in which the lesser included offense instruction pertained to a crime arising out of an act or transaction different from the one supporting the charged offense.
That the lesser offense must arise from the same act or transaction supporting the greater charged offense is such an obvious precondition for applying the Workman test that we have not, until now, been called upon to state explicitly this threshold requirement. Similarly, only rarely have courts in other jurisdictions found it necessary to emphasize that the lesser included offense analysis is predicated on the greater and lesser offenses arising from the same criminal act or transaction. See United States v. Martinez-Torres, 556 F.Supp. 1255, 1270 n. 10 (S.D.N.Y.1983) (stating that "[t]wo offenses do not stand in the relationship of lesser and greater offenses where they arise from different criminal transactions" but "[i]nstead, ... are simply two separate offenses which can be the subject of two different prosecutions, convictions, and sentences"); People v. Landwer, 166 Ill.2d 475, 655 N.E.2d 848, 856, 211 Ill.Dec. 465 (1995) (disagreeing with contention that "a defendant is entitled to raise as a defense to one charged transaction that he or she committed some separate uncharged transaction, occurring on different days and involving different participants").
Despite the absence of an explicit statement of this threshold requirement in our prior case law on lesser included offenses, the State specifically argued to the trial court and on appeal that Porter was not entitled to his proposed lesser included offense instructions since his admitted lesser offense of attempted possession described a criminal transaction different from the one charged in the information. Opposing Porter's proposed instructions, the State asserted that Porter's "efforts to buy drugs from other people at the scene [were] not related to the delivery that the State [was] alleging." VRP (Nov. 2, 2000) at 57. In its brief to the Court of Appeals, the State recognized the requirement that, for jury instructions on a defendant's admitted lesser crime to be justified, "the admitted crime must derive from the actions of the charged crime," and the State went on to note that, while Porter had admitted attempting to buy cocaine from Horner, he had "denied any exchange with Officer Maccarrone." Br. of Resp't at 6-7. And finally, in its answer to Porter's petition for review, the State observed that, while Porter's testimony "about an independent, unrelated crime that he allegedly tried to commit... was interesting," it was also "irrelevant." Answer to Pet. for Review at 5.
The State's assessment of the defect in Porter's proposed instructions was correct. Porter's proposed jury instructions on the lesser offense of attempted possession of cocaine do not satisfy the precondition that the lesser crime be based on the same criminal *239 transaction supporting the charged offense. The Workman test has, in fact, no role to play in making this essential threshold determination; the court need only consider whether the allegedly included offense arises from the same act or transaction supporting the charged crime. Only upon concluding that the threshold requirement has been met should the court proceed to apply the two-pronged Workman test.

CONCLUSION
The trial court properly rejected Porter's jury instructions. The lesser included offense of attempted possession of cocaine was not based on the same criminal act or transaction giving rise to the charged crime of delivery of cocaine. Because Porter was charged with delivering cocaine to Officer Maccarrone, he was not entitled to have the jury instructed on his alternative criminal conduct of attempting to buy cocaine from Horner. The Court of Appeals is therefore affirmed.
ALEXANDER, C.J. and JOHNSON, MADSEN, SANDERS, IRELAND, BRIDGE, CHAMBERS, and FAIRHURST, JJ., concur.
NOTES
[1] Clerk's Papers (CP) at 1. RCW 69.50.401(a)(1)(i) provides in part that "[i]t is unlawful for any person to ... deliver ... a controlled substance ... which is a narcotic drug." Under RCW 69.50.101(f), "`[d]eliver' or `delivery,' means the actual or constructive transfer from one person to another of a substance, whether or not there is an agency relationship." Under subsection (r)(5), "[c]ocaine" is identified as one type of "`[n]arcotic drug.'"