[No. 21291-5-I. Division One. December 30, 1988.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT P. FAILLE, *Appellant.*

WILLIAMS, J., concurs by separate opinion.

*Rita Griffith* of *Washington Appellate Defender Association,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Cassandra Noble* and *Seth Aaron Fine, Deputies,* for respondent.

SCHOLFIELD, C.J.—The defendant, Robert P. Faille, appeals from a conviction for first degree burglary. We affirm.

FACTS

On August 7, 1987, Faille and another man entered a residence without permission. They took four guns and other property from the residence and stored all the items taken outside the residence in nearby bushes. The guns were not loaded when taken or recovered, nor did anyone load the guns during the burglary. Faille testified that for their safety, he checked each gun to make sure it was not loaded. Ammunition located in the house was not taken in the burglary.

By information filed August 28, 1987, Faille was charged with first degree burglary. Faille waived his right to a jury trial. He also stipulated to the admission of police reports which established the above facts.

The trial court found Faille guilty of first degree burglary. The court in its findings of fact, found that Faille did not possess any intent to load or use firearms. The court then made the following conclusions of law:

> 5. While in such dwelling or in immediate flight therefrom, defendant was armed with deadly weapons, to–wit: the guns he took in the burglary. (Conclusion of law)
> 1. An unloaded firearm is a deadly weapon, regardless of whether it is easily accessible or readily available for

use. *State v. Hall,* 46 Wn. App. 689, [732] P.2d [524] (1987).

2. The trial court finds defendant guilty of First Degree Burglary as charged.

Judgment and sentence were entered on November 4, 1987. This appeal timely followed.

### AVAILABILITY OR ACCESSIBILITY OF AN UNLOADED GUN

Faille argues that because the firearms he took during the burglary were unloaded and therefore not easily accessible nor readily available, and because he did not possess any intent to load or use them, he was not "armed with a deadly weapon" as required by RCW 9A.52.020(1)(a) for conviction of first degree burglary.

RCW 9A.52.020(1)(a) provides in part as follows:

> Burglary in the first degree. (1) A person is guilty of burglary in the first degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a dwelling and if, in entering or while in the dwelling or in immediate flight therefrom, the actor or another participant in the crime (a) is armed with a deadly weapon, or (b) assaults any person therein.

The definition of "deadly weapon" is as follows:

> "Deadly weapon" means any explosive or loaded or unloaded firearm, and shall include any other weapon, device, instrument, article, or substance, including a "vehicle" as defined in this section, which, under the circumstances in which it is used, attempted to be used, or threatened to be used, is readily capable of causing death or substantial bodily harm[.]

RCW 9A.04.110(6).

The term "armed" in the statute means that the weapon is readily accessible and available for use. *State v. Gotcher,* 52 Wn. App. 350, 353, 759 P.2d 1216 (1988) (citing *State v. Randle,* 47 Wn. App. 232, 235, 734 P.2d 51 (1987), *review denied,* 110 Wn.2d 1008 (1988)).

In *State v. Hall,* 46 Wn. App. 689, 732 P.2d 524 (1987), Hall and a codefendant removed a stereo, rifle, handgun and ammunition for the rifle from a house they were burglarizing. The court held Hall was armed with a deadly

weapon under RCW 9A.52.020(1) because the rifle and ammunition were easily accessible and available for use. *State v. Hall, supra* at 695–96.

*Hall* characterized explosives and firearms as deadly weapons per se. The court stated as follows:

> The State argues two classifications of deadly weapons are defined in RCW 9A.04.110(6). The first class of deadly weapons is specifically defined to include "any explosive or loaded or unloaded firearm". . . . The State argues the first classification defines per se dangerous weapons and no analysis of willingness or present ability to use a firearm as a deadly weapon is needed. We agree. For purposes of first degree burglary, the defendant is armed with a deadly weapon if a firearm is "easily accessible and readily available for use by the defendant for either offensive or defensive purposes." *State v. Sabala,* [44 Wn. App. 444, 723 P.2d 5 (1986)] at 448.

*State v. Hall, supra* at 694–95.

In *Hall,* the court reasoned that one of the purposes of providing greater punishment when a deadly weapon is involved in a crime is that there is a potential for inflicting violence. *State v. Hall, supra* at 695. Because the rifle and ammunition were easily accessible and available for use, there was a possibility of violence to anyone discovering the burglary in progress. *State v. Hall, supra* at 695.

In the present case, the guns taken by Faille and his companion are deadly weapons per se even though they were unloaded. *See* RCW 9A.04.110(6); *State v. Hall, supra* at 694–95. The more difficult question is whether Faille was "armed" within the meaning of RCW 9A.52.020(1)(a), *i.e.,* whether the guns were readily accessible and available for use.

Faille argues that he was not "armed" because the guns were not loaded, they took no ammunition, and did not intend to load the guns. Although there is no evidence that Faille knew there was ammunition in the house, we nevertheless find that Faille was "armed." Here, Faille

removed the guns from the house and placed them outside in the bushes. Thus, during the burglary the guns were readily accessible. The facts are such that the guns were not available for use through firing a shell. However, a gun can be used, whether loaded or unloaded, for the purpose of frightening, intimidating or controlling people.

Furthermore, the statute defining deadly weapon as a loaded or unloaded firearm clearly expresses a legislative policy that we are not going to distinguish between loaded and unloaded weapons with respect to the use of guns in criminal cases. Possession of a deadly weapon tends to escalate the possibility of violence by anyone discovering a burglary in progress. A passer-by or police officer discovering the burglary in progress would probably assume the guns were loaded, thus creating a potentially volatile situation. The possibility of a defendant mistakenly believing a gun to be unloaded when in fact it is loaded provides further support for enhancing the penalty for burglary when a defendant possesses a firearm.

Accordingly, we hold that the guns were readily accessible and available for use, even though they were unloaded and there is no evidence that Faille knew there was ammunition in the house.

Faille's conviction is therefore affirmed.

WINSOR, J., concurs.

WILLIAMS, J. (concurring)—One who has equipped himself with a gun is "armed with a deadly weapon" notwithstanding ammunition is not immediately available. This is well established in Washington law. RCW 9A.04.110(6) expressly includes unloaded firearms in the definition of "deadly weapon." If the unloaded gun is "easily accessible and readily available for use by the defendant" for any purpose, then the defendant is "armed with a deadly weapon." *State v. Hall*, 46 Wn. App. 689, 695, 732 P.2d 524

(1987); *State v. Sabala,* 44 Wn. App. 444, 448, 723 P.2d 5 (1986). I therefore join in affirming the judgment.