[No. 22694–1–I.   Division One.   December 27, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. JEFFREY
L. SPEECE, *Appellant.*

*Helen A. Anderson* of *Washington Appellate Defender Association,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Michael Taylor* and *Kevin Korsmo, Deputies,* for respondent.

PEKELIS, J.—Jeffrey Speece appeals his conviction for burglary in the first degree. He contends that the evidence

is insufficient to support the jury's special verdict that he was armed with a deadly weapon. He also contends that the trial court erred in denying his request for a jury instruction on the lesser included offense of burglary in the second degree.

I

The homes of Donald Cox and Bernadette Cullen were burgled on February 19, 1988, and March 1, 1988, respectively. Cox reported various items missing from his home, including a .357 magnum and its storage box. Cullen reported that her checkbook and stereo were missing.

Police officers investigating the burglaries subsequently obtained a search warrant for apartment 3 of the Vagabond Motel. Apartment 3 was inhabited by defendant Jeffrey Speece, who testified at trial that he made his living fencing stolen property. Upon executing the search warrant, the officers found the pieces of a .357 magnum as well as other items reported missing by Cox and Cullen. Speece was arrested at that time.

The day after Speece's arrest, Detective Paul Wunders spoke with Speece and attempted to persuade him to confess to the burglaries of the Cox and Cullen homes. Speece denied that he had committed the burglaries. He told Detective Wunders that Ken White, also a resident of the Vagabond Motel, had committed the burglaries.

The following day, Speece prepared a written statement in which he confessed that he and White had committed the burglaries together. He stated that he took two guns from one of the homes, a .38 and a .357.

Speece was charged with burglary in the first degree for the burglary of the Cox home and with burglary in the second degree for burglary of the Cullen home. He was also charged with six counts of forgery for falsely making and cashing checks taken from Bernadette Cullen.

Speece testified at trial and admitted that he was guilty of the six forgery counts. However, he repudiated his prior written statement and denied that he had burgled the Cox and Cullen homes. He testified that his prior statement was

based solely on what Detective Wunders had told him and on what he had read in the police report, and that he had no other knowledge of the burglaries. He further testified that he had purchased the gun and other items found in his apartment from Ken White.

In closing argument, defense counsel argued that Speece confessed that he and White had committed the burglaries together because it was the only way he could "get White". Detective Wunders had not believed Speece's assertion that White was solely responsible for the burglaries, but might believe that he and White had committed them together.

At the conclusion of the trial, defense counsel excepted to the trial court's refusal to give a jury instruction on the lesser included offense of second degree burglary for count 1, the burglary of the Cox home. Counsel argued that stealing a gun did not necessarily constitute being armed with a deadly weapon, and that the evidence thus supported an instruction on the lesser offense. The court recognized that failing to give an instruction on the lesser offense might imply that "stealing the gun, as a matter of law, constitutes his being armed." The court nonetheless declined to give the instruction.

During deliberation, the jury submitted the following inquiry to the court:

> Does the theft of a gun/s automaticly [sic] make the crime a first degree burglary if the individual is found guilty?
> Yes – No
> . . . .
> Assuming no other firearms were used.

The court answered the question "no" and gave the following supplemental instruction:

> A person is armed with a deadly weapon if a firearm is easily accessible and readily available for use by that person for either offensive or defensive purposes.

The jury returned a special verdict finding that Speece was armed with a deadly weapon at the time of the commission of the crime in count 1, the burglary of the Cox home. The jury then found Speece guilty of burglary in the first degree for the burglary of the Cox home, and burglary

in the second degree for the burglary of the Cullen home. The jury also found Speece guilty of the six forgery counts. Speece appeals only his conviction for burglary in the first degree.

## II

Speece contends that the evidence is insufficient to support the jury's special verdict that he was armed with a deadly weapon. He argues that there is no evidence of the manner in which the guns were stolen or how they were transported, and no evidence as to whether the guns were actually easily accessible and readily available for use.

■ A necessary element of burglary in the first degree is that the defendant was armed with a deadly weapon during the commission of the burglary. RCW 9A.52.020(1)(a). A defendant is "armed with a deadly weapon" for purposes of first degree burglary if a firearm is "'easily accessible and readily available for use by the defendant for either offensive or defensive purposes.'" *State v. Hall*, 46 Wn. App. 689, 695, 732 P.2d 524 (quoting *State v. Sabala*, 44 Wn. App. 444, 448, 723 P.2d 5 (1986)), *review denied*, 108 Wn.2d 1004 (1987). Both loaded and unloaded firearms are deadly weapons per se under RCW 9A.04.110(6), which defines "deadly weapon."[1] Thus, no analysis of a defendant's willingness or present ability to use a firearm, whether loaded or unloaded, is needed in determining whether the firearm is easily accessible and readily available for use. *Hall*, 46 Wn. App. at 695.

In *State v. Hall*, 46 Wn. App. at 690, the defendant argued that possession of a firearm taken in the course of a burglary did not constitute being "armed with a deadly

---

[1]RCW 9A.04.110(6) defines two classes of deadly weapons:

"Deadly weapon" means any explosive or loaded or unloaded firearm, and shall include any other weapon, device, instrument, article, or substance, including a "vehicle" as defined in this section, which, under the circumstances in which it is used, attempted to be used, or threatened to be used, is readily capable of causing death or substantial bodily harm[.]

The first classification, which includes loaded and unloaded firearms, defines per se dangerous weapons. *Hall*, 46 Wn. App. at 694.

weapon" for purposes of first degree burglary. The defendant had transported unloaded guns and ammunition to the trunk of a car. The court held that the guns stolen by the defendant were easily accessible and available while he was in the residence or transporting them to the car. *Hall,* 46 Wn. App. at 695. The court also noted that the defendant's possession of a firearm and present ability to use it was more than is required to be armed with a deadly weapon. *Hall,* 46 Wn. App. at 695–96.

In *State v. Faille,* 53 Wn. App. 111, 113, 766 P.2d 478 (1988), the defendant argued that he was not armed because the guns were unloaded and therefore not easily accessible or readily available. The defendant had taken unloaded guns and other property from a residence and stored the items in nearby bushes. He did not take ammunition located in the residence, and the guns remained unloaded during the course of the burglary. *Faille,* 53 Wn. App. at 112.

The court first held that the guns were readily accessible during the burglary because the defendant had removed them from the residence and placed them in nearby bushes. *Faille,* 53 Wn. App. at 114–15. The court then noted that the fact that guns were not available for use in the sense that they could not be fired was not dispositive. "[A] gun can be used, whether loaded or unloaded, for the purpose of frightening, intimidating or controlling people." *Faille,* 53 Wn. App. at 115. Accordingly, "the guns were readily accessible and available for use, even though they were unloaded and there is no evidence that Faille knew there was ammunition in the house." *Faille,* 53 Wn. App. at 115.

Here, Speece challenges the jury's special verdict that he was armed with a deadly weapon. The issue before us is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found this fact beyond a reasonable doubt. *State v. Green,* 94 Wn.2d 216, 221, 616 P.2d 628 (1980).

The evidence shows that Speece took two guns during the burglary of the Cox home. Speece argues that this

evidence is insufficient because there is no evidence as to the manner in which the guns were stolen or how they were transported. First, it is irrelevant how the guns were transported from the scene of the crime if they were easily accessible and readily available for use during the burglary. *See Faille,* 53 Wn. App. at 114–115; *Hall,* 46 Wn. App. at 695. In addition, Speece's written statement that he "took the guns" is sufficient evidence of the manner in which the guns were stolen. *See Hall,* 46 Wn. App. at 695. No analysis of Speece's willingness or present ability to use the guns is necessary. *Hall,* 46 Wn. App. at 695.

Under the reasoning of the courts in *Hall* and *Faille,* the guns were easily accessible and readily available to Speece. *See Hall,* 46 Wn. App. at 695. *Faille,* 53 Wn. App. at 114–15. Although Speece repudiated his written statement at trial, the jury here could have chosen to believe Speece's statement that he took the guns during the commission of the burglary rather than his trial testimony. If so, the evidence supports the jury's conclusion that the guns were easily accessible and readily available for use. We therefore conclude that the evidence is sufficient to support the jury's special verdict that Speece was armed with a deadly weapon during the commission of the Cox burglary.

### III

Speece next contends that the trial court erred in refusing to give an instruction on the lesser included offense of burglary in the second degree. He argues that the jury could have concluded that he was not armed with a deadly weapon for purposes of burglary in the first degree. He further argues that the trial court's response to the jury's inquiry is inconsistent with its refusal to give an instruction on the lesser included offense.

A defendant is entitled to an instruction on a lesser included offense if (1) each of the elements of the lesser offense is a necessary element of the offense charged and (2) the evidence supports an inference that the lesser crime was committed. *State v. Workman,* 90 Wn.2d 443, 447–48,

584 P.2d 382 (1978); *see also State v. Rodriguez,* 48 Wn. App. 815, 818, 740 P.2d 904, *review denied,* 109 Wn.2d 1016 (1987). The State concedes that the legal prong of this test is satisfied here. The issue presented here is whether the second, factual prong is satisfied.

The State argues that the evidence in this case does not support an inference that only the lesser crime was committed because Speece's defense was that he did not commit the two burglaries at all, not that the guns were not easily accessible and readily available for use.

■ Where acceptance of the defendant's theory of the case would necessitate acquittal on both the charged offense and the lesser included offense, the evidence does not support an inference that only the lesser was committed. *See Rodriguez,* 48 Wn. App. at 819-20. In *State v. Rodriguez, supra,* for example, the defendant was charged with delivery of a controlled substance and requested an instruction on the lesser included offense of possession. However, the defense theory of the case was that the substance delivered might not have been marijuana. *Rodriguez,* 48 Wn. App. at 819. Acceptance of the defendant's theory of the case would have required acquittal on both the crime of delivery and the crime of possession. *Rodriguez,* 48 Wn. App. at 819. Moreover, the court pointed out that "there was no dispute regarding delivery, the key element distinguishing delivery from possession." *Rodriguez,* 48 Wn. App. at 821. For these reasons, the defendant was not entitled to an instruction on the lesser offense. *Rodriguez,* 48 Wn. App. at 819-20.

Similarly, a defendant is not entitled to a lesser included instruction where the only issue at trial is one of identification. *State v. Pacheco,* 107 Wn.2d 59, 70, 726 P.2d 981 (1986). In *State v. Pacheco, supra,* a videotape showed the robber threatening a store clerk with a knife. Since the only issue was one of identification, not whether the robber was armed with a deadly weapon, the evidence supported conviction on robbery in the first degree or acquittal. *Pacheco,* 107 Wn.2d at 70. Thus, the defendant was not entitled to

an instruction on the lesser included offense of robbery in the second degree. *Pacheco,* 107 Wn.2d at 70.

Here, the only issue for the jury to determine was whether it believed the defendant's original statement admitting to the burglaries, including taking the guns, or the defendant's repudiation of this statement at trial. Like *Rodriguez* and *Pacheco,* Speece's theory of the case did not raise the issue of whether he was armed, the key element distinguishing first degree burglary from second degree burglary. Acceptance of defendant's theory would have required acquittal on both the crime of first degree burglary and second degree burglary. Thus, Speece was not entitled factually to an instruction on burglary in the second degree.

The jury inquiry and the trial court's answer thereto does not alter the result here. In essence, the trial court merely advised the jury that one of the elements the State had to prove, *i.e.,* that the defendant was armed with a deadly weapon, required a finding that the firearm was "easily accessible and readily available for use." If the element was not proved, the jury could acquit. The fact that a jury could find that an element has not been proved beyond a reasonable doubt does not obviate the well–established rule that a lesser offense be not only legally but factually inferable from the evidence. As we have concluded, the factual prong of the *Workman* test was not satisfied here, and thus defendant was not entitled to a lesser included instruction.

Affirmed.

SWANSON and SCHOLFIELD, JJ., concur.

Review granted at 114 Wn.2d 1014 (1990).