[No. 56882–1. En Banc. October 11, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. JEFFREY L. SPEECE, *Petitioner.*

*Scott G. Busby* of *Washington Appellate Defender Association,* for petitioner.

*Seth R. Dawson, Prosecuting Attorney,* and *Kevin M. Korsmo, Deputy,* for respondent.

PER CURIAM.—Jeffrey L. Speece was convicted by jury of first degree burglary, second degree burglary, and six counts of forgery. In connection with the first degree burglary conviction, the jury also returned a special verdict that Speece was armed with a deadly weapon.[1] Speece appealed only the first degree burglary conviction, claiming that there was insufficient evidence to support a finding that he was armed for purposes of the conviction or the deadly weapon special verdict.[2] He also assigned error to the trial court's refusal to give a lesser included offense

---

[1] RCW 9.94A.125 provides, in part: "In a criminal case wherein there has been a special allegation and evidence establishing that the accused or an accomplice was armed with a deadly weapon at the time of the commission of the crime, . . . the jury shall, if it find[s] the defendant guilty, also find a special verdict as to whether or not the defendant or an accomplice was armed with a deadly weapon at the time of the commission of the crime."

[2] RCW 9A.52.020(1)(a) provides: "A person is guilty of burglary in the first degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a dwelling and if, in entering or while in the

instruction for second degree burglary.[3] The Court of Appeals affirmed the conviction. *State v. Speece,* 56 Wn. App. 412, 783 P.2d 1108 (1989). This court accepted review. We affirm.

The facts of the present case are set forth in the Court of Appeals opinion. The court relied on the reasoning of *State v. Hall,* 46 Wn. App. 689, 695, 732 P.2d 524, *review denied,* 108 Wn.2d 1004 (1987) and *State v. Faille,* 53 Wn. App. 111, 114–15, 766 P.2d 478 (1988) to conclude that the evidence in the present case is sufficient to support a finding that Speece was armed. *Speece,* 56 Wn. App. at 418. We adopt the Court of Appeals analysis and conclusion on this issue.

■ Speece assigned error to the trial court's refusal to give an instruction on the lesser included offense of second degree burglary. A defendant is entitled to an instruction on a lesser included offense if (1) each element of the lesser offense is a necessary element of the offense charged, and (2) the evidence in the case supports an inference that the lesser crime was committed. *State v. Fowler,* 114 Wn.2d 59, 66–67, 785 P.2d 808 (1990) (citing *State v. Workman,* 90 Wn.2d 443, 447–48, 584 P.2d 382 (1978)). The State concedes that the first prong of this test is satisfied. The issue is if there is sufficient evidence to support an inference that the lesser included crime was committed.

■ At the time Speece's case was tried and on appeal, there was a conflict between two divisions of the Court of Appeals as to whether or not affirmative evidence supporting the defendant's theory is required before a lesser

---

dwelling or in immediate flight therefrom, the actor or another participant in the crime (a) is armed with a deadly weapon[.]"

[3]RCW 9A.52.030(1) provides: "A person is guilty of burglary in the second degree if, with intent to commit a crime against a person or property therein, he enters or remains unlawfully in a building other than a vehicle or a dwelling."

included offense instruction will be given.[4] Subsequently, *Fowler* resolved this conflict stating:

> It is not enough that the jury might simply disbelieve the State's evidence. Instead, some evidence must be presented which affirmatively establishes the defendant's theory on the lesser included offense before an instruction will be given.

*Fowler,* at 67 (citing *State v. Rodriguez,* 48 Wn. App. 815, 820, 740 P.2d 904, *review denied,* 109 Wn.2d 1016 (1987)).

Speece's defense at trial was solely that he did not commit the burglary. The State established prima facie evidence that the burglar took two guns. Speece in no way disputed this evidence. Thus, there is no affirmative evidence in the record that would support an inference that Speece was not armed during the burglary, once the jury found that he was, indeed, the burglar. Therefore, Speece was not entitled to a lesser included offense instruction on second degree burglary.

Accordingly, the jury's special verdict and Speece's first degree burglary conviction are affirmed.

---

[4]In *State v. Wilson,* 41 Wn. App. 397, 704 P.2d 1217, *review denied,* 105 Wn.2d 1003 (1985), Division Three stated: "[I]t is not incumbent upon the defendant, before [a lesser included offense] instruction will be given, to show facts from which a jury might draw the conclusion that the lesser crime and not the greater was, in fact, committed". *Wilson,* at 399 (quoting *State v. Gottstein,* 111 Wash. 600, 602, 191 P. 766 (1920)). In *State v. Rodriguez,* 48 Wn. App. 815, 817–18, 740 P.2d 904, *review denied,* 109 Wn.2d 1016 (1987), Division One expressly declined to follow *Wilson,* stating: "[I]f the defendant would urge as an alternative theory that he committed only [the included crime], some evidence must be presented affirmatively to establish that theory." *Rodriguez,* at 820 (quoting *State v. Wheeler,* 22 Wn. App. 792, 797, 593 P.2d 550 (1979)).