[No. 20576-9-II.   Division Two.   June 13, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. JARED EATON ARCHAMBAULT, *Appellant*.

*James J. Sowder*, for appellant (appointed counsel for appeal).

*Arthur D. Curtis, Prosecuting Attorney*, and *Mark E. Beam, Deputy*, for respondent.

MORGAN, J. — Under the Sentencing Reform Act (SRA) as originally enacted, a trial court had at least three alternatives when sentencing a first offender for second degree burglary committed with a firearm. It could waive the presumptive sentence, utilize the first offender option, and impose not more than 90 days of total confinement.[1] It

---

[1]RCW 9.94A.120(5).

could impose the presumptive, standard range sentence.[2] Or, it could impose an exceptional sentence.[3]

In 1995, the SRA was amended to enhance the presumptive sentence when a crime is committed with a firearm, and to require that the enhancement be served in total confinement.[4] Effective with respect to "felony crimes committed after July 23, 1995,"[5] and later codified in RCW 9.94A.310(3), the amendments pertinent here provided that the firearm enhancement for a class B felony, including second degree burglary,[6] would be 36 months.[7] The amendments also provided that "[n]otwithstanding any other provision of law, any and all firearm enhancements . . . are mandatory, shall be served in total confinement, and shall not run concurrently with any other sentencing provisions."[8]

On August 4, 1995, Jared Eaton Archambault participated with three others in the burglary of a sporting goods store. Archambault acted as lookout while one of the others put firearms into a bag. When an alarm went off, all four fled, leaving the firearms behind.[9]

On September 6, 1995, the State alleged that Archam-

---

[2]RCW 9.94A.120(1).

[3]RCW 9.94A.120(2).

[4]Laws of 1995, ch. 129, §§ 2, 19 (Initiative Measure No. 159).

[5]RCW 9.94A.310(3).

[6]RCW 9A.52.030(2).

[7]RCW 9.94A.310(3)(b).

[8]RCW 9.94A.310(3)(e).

[9]Archambault was born August 8, 1977. On August 4, 1995, he was about to commence his senior year in high school. The record does not show any previous problems with the law. His high school counselor wrote:

I have been Jared['s] counselor for the past two and one half years . . . .

Jared relayed the details of his legal situation with me the other day in a frank and open manner. He was not looking for a scapegoat as so many in our society today seem to do. In fact, he was seeking to find some positive signs in what seems to be a bleak future for an eighteen year old who until now has not had any legal or criminal problems.

bault had committed first degree burglary while armed with a deadly weapon.[10] It also alleged that his presumptive sentence should be enhanced because he had committed the burglary with a firearm.

Before trial, the State and Archambault entered into a plea bargain. The State agreed that Archambault was a first offender; that it would reduce the charge to second degree burglary; and that it would not appeal an exceptional sentence downward, so long as the sentence was not less than 36 months.[11] Archambault agreed that his unenhanced presumptive sentence was one to three months;[12] that his presumptive sentence was subject to an enhancement of 36 months due to the firearm allegation; and thus that his enhanced presumptive sentence was 37-39 months. The parties agreed to contest whether the trial court could waive the presumptive sentence and utilize the first offender option set forth in RCW 9.94A.120(5).

---

At school Jared is a serious student by today[']s standards who has the skills to achieve a post secondary degree. This is quite an accomplishment for a student with a learning disability. For the past year I have been working with Jared and exploring his desire to join the Marines, which for him is a reasonable goal.

I understand the serious nature of the offen[s]e he is charged with but I am having a difficult time with the range of penalties he is facing. While I realize that his crime falls under the guidelines of the recent initiative, I do not believe that the people of our state really desired such serious retribution for a young man who certainly does not fit the hardened or career criminal that people pictured when they voted for the initiative. A prolonged imprisonment will not only be expensive but counter productive if our goal is to protect us from a person who in my professional opinion is not a threat to repeat his alleged offense.

Clerk's Papers at 29.

[10]*See* RCW 9A.52.020(1); *State v. Hall*, 46 Wn. App 689, 693-96, 732 P.2d 524 (1987); *State v. Faille*, 53 Wn. App. 111, 766 P.2d 478 (1988); *State v. Speece*, 56 Wn. App. 412, 416-18, 783 P.2d 1108 (1989), *aff'd*, 115 Wn.2d 360 (1990).

[11]The intent, apparently, was to allow the trial court to impose a sentence that would not automatically disqualify Archambault from participating in a work ethic camp.

[12]Archambault's offender score was zero. RCW 9.94A.360. Second degree burglary is a level III offense. RCW 9.94A.320. Thus, his unenhanced presumptive sentence was one to three months. RCW 9.94A.310.

Based on this plea bargain, Archambault pleaded guilty to second degree burglary.

At sentencing, the trial court ruled that RCW 9.94A.310(3) deprived it of its former discretion to waive the presumptive sentence and use the first offender option set forth in RCW 9.94A.120(5). As a result, it imposed a sentence of 36 months in prison, with the recommendation that the sentence be served at a work ethic camp.[13]

Archambault now appeals. The sole issue is whether RCW 9.94A.310(3) bars a trial court from using, instead of a first offender's presumptive sentence, the first offender option contained in RCW 9.94A.120(5).

■ When a first offender has committed a second degree burglary with a firearm, RCW 9.94A.310(3) and RCW 9.94A.120(5) conflict. The former *requires* total confinement of *not less than* 36 months, while the latter *permits* total confinement of *not more than* three months. RCW 9.94A.310(3) expressly resolves this conflict by stating that "[n]otwithstanding any other provision of law," including the first offender option in RCW 9.94A.120(5), the firearm enhancement portion of a presumptive sentence is no longer presumptive; rather, it is "mandatory" and "shall be served in total confinement."[14] Accordingly, the trial court did not err by ruling that it did not have discretion to use the first offender option, or by requiring that the firearm enhancement portion of Archambault's sentence be served in total confinement.

Affirmed.

---

[13]The apparent purpose of imposing 36 months, instead of 37, was to avoid disqualifying Archambault for work ethic camp. *See* RCW 9.94A.137(1)(a)(i) (offender eligible for work ethic camp only if sentenced to not less than 16 and not more than 36 months). At oral argument, counsel informed this court that the Department of Corrections had rejected the trial court's recommendation, presumably because participation in a work ethic camp would not have involved the 36 months total confinement mandated by RCW 9.94A.310(3). *See* RCW 9.94A.137(3) (Department need not follow trial judge's recommendation if it "determines that the offender's custody level prevents placement in the program").

[14]RCW 9.94A.310(3)(e).

HOUGHTON, C.J., and SEINFELD, J., concur.

Review denied at 133 Wn.2d 1025 (1997).