IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 78181-2-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| JOHN MALCOLM STEWART, | ) | |
| | ) | FILED: December 16, 2019 |
| Appellant. | ) | |

VERELLEN, J. — John Stewart appeals his conviction of one count of first degree robbery with a firearm enhancement and two counts of first degree kidnapping with firearm enhancements.

At the start of jury selection, the court read the information and cautioned the jury, "You are not to consider the filing of the information or its contents alone as proof of the matters charged therein."[1] Defense counsel did not object. Assuming, without deciding, this pretrial oral instruction constitutes a manifest constitutional error, it was harmless beyond a reasonable doubt because contemporaneous and later instructions corrected the error.

Because the error was harmless, defense counsel's failure to object was not ineffective. Additionally, defense counsel was not deficient for failing to

---

[1] Report of Proceedings (RP) (Nov. 28, 2107) at 1075.

request an instruction on unlawful imprisonment as a lesser included of kidnapping because Stewart does not establish he was entitled to such an instruction.

During trial, the court allowed a police officer to testify about how most people carry pistols. The court did not abuse its discretion when it admitted this testimony because it was relevant and helpful to the jury.

Finally, Stewart fails to establish the prosecutor committed prejudicial misconduct during closing argument or to establish any other grounds for relief in his statement of additional grounds.

Therefore, we affirm.

## FACTS

On August 7, 2016, Sean Sylve, Alaina Wells, and Makenna O'Meara were working at Have a Heart Marijuana Dispensary in the Greenwood neighborhood of Seattle. As they closed for the night, the store manager, Damon Martinez, watched remotely via video surveillance. Sylve performed the final security check of the store's exterior. After checking the exterior, Sylve returned to the door with two men, John Stewart and Cameron Patterson.

Stewart and Patterson forced their way into the store. Stewart pointed a gun at the employees and ordered them to get on the floor. Patterson zip tied the employees' hands behind their backs. Stewart and Patterson removed cash from the store safe, ransacked the sales floor, and stuffed marijuana and other products into two duffel bags. When Stewart and Patterson left the store, police were already in the parking lot and arrested both men.

Eventually, Sylve admitted he was involved in the robbery. The State charged Stewart, along with Patterson and Sylve, with one count of first degree robbery and two counts of first degree kidnapping. Each count carried a firearm enhancement. The jury convicted Stewart as charged.

Stewart appeals.

## ANALYSIS

### I. Jury Instruction

Stewart contends the court violated his right to a fair trial when it instructed the jury they could consider the filing of the information as evidence of guilt.

We review a challenged jury instruction de novo.[2]

The United States Constitution and the Washington Constitution guarantee the right to a fair trial.[3]

> Central to the right to a fair trial . . . is the principle that "one accused of a crime is entitled to have his guilt or innocence determined solely on the basis of the evidence introduced at trial, and not on grounds of official suspicion, indictment, continued custody, or other circumstances not adduced as proof at trial."[4]

As a threshold matter, the State argues Stewart cannot challenge the preliminary jury instruction for the first time on appeal. Under RAP 2.5(a), "[t]he appellate court may refuse to review any claim of error which was not raised in the

---

[2] State v. Pirtle, 127 Wn.2d 628, 656-57, 904 P.2d 245 (1995).

[3] U.S. CONST. amends. VI, XIV; WASH. CONST. art. I, § 22.

[4] Holbrook v. Flynn, 475 U.S. 560, 567, 106 S. Ct. 1340, 89 L. Ed. 2d 525 (1986) (quoting Taylor v. Kentucky, 436 U.S. 478, 485, 98 S. Ct. 1930, 56 L. Ed. 2d 468 (1978)).

trial court." But a party may raise a "manifest error affecting a constitutional right" for the first time on appeal.[5]

Our Supreme Court has held the following instructional errors constitute manifest constitutional error: directing a verdict, shifting the burden of proof to the defendant, failing to define the beyond a reasonable doubt standard, failing to require a unanimous verdict, and omitting an element of the crime charged.[6] On the other hand, our Supreme Court has held the following instructional errors do not constitute manifest constitutional error: failure to instruct on a lesser included offense and failure to define individual terms.[7]

At the start of jury selection, the court read the information and cautioned the jury pool, "You are not to consider the filing of the information or its contents alone as proof of the matters charged therein."[8] The defense did not object. Stewart argues the court erred when it instructed the jury they could consider the filing of the information as evidence of guilt.

Even assuming, without deciding, the claimed instructional error is a manifest constitutional error that Stewart can raise for the first time on appeal, we

---

[5] RAP 2.5(a)(3).

[6] State v. O'Hara, 167 Wn.2d 91, 100-01, 217 P.3d 756 (2009) (citing State v. Peterson, 73 Wn.2d 303, 306, 438 P.2d 183 (1968); State v. McCullum, 98 Wn.2d 484, 487-88, 656 P.2d 1064 (1983); State v. McHenry, 88 Wn.2d 211, 214, 558 P.2d 188 (1977); State v. Carothers, 84 Wn.2d 256, 262, 525 P.22d 731 (1974); State v. Johnson, 100 Wn.2d 607, 623, 674 P.2d 145 (1983)).

[7] Id. at 101 (citing State v. Mak, 105 Wn.2d 692, 745-49, 718 P.2d 407 (1986); State v. Scott, 110 Wn.2d 682, 690-91, 757 P.2d 492 (1988)).

[8] RP (Nov. 28, 2017) at 1075 (emphasis added).

must still consider whether the error was harmless.[9] The constitutional harmless error standard is satisfied when the State proves harmlessness beyond a reasonable doubt.[10] "This stringent standard can be met if there is overwhelming evidence of the defendant's guilt that is not tainted by the error."[11] We analyze a challenged jury instruction "in the context of the instructions as a whole."[12]

Here, immediately before the challenged oral instruction, the court instructed the jury, "The information that I just read to you is merely an accusation against the defendant."[13] And after the instruction at issue, the court instructed the jury, "It will be your duty as jurors to determine the facts in this case from the evidence produced in court."[14] The next day, after the jury was selected and before opening statements, the court instructed the jury, "Evidence is what you hear from the witnesses and the exhibits that get admitted into evidence."[15]

The trial lasted one week. Before closing arguments, the court instructed the jury, "It is your duty to decide the facts in this case based upon the evidence presented to you during this trial."[16] The court also instructed the jury,

---

[9] O'Hara, 167 Wn.2d at 99 ("[A] harmless error analysis occurs after the court determines the error is a manifest constitutional error.").

[10] State v. Barry, 183 Wn.2d 297, 303, 352 P.3d 161 (2015) (quoting Chapman v. California, 386 U.S. 18, 24, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967)).

[11] Id.

[12] Pirtle, 127 Wn.2d at 656-57.

[13] RP (Nov. 28, 2017) at 1075.

[14] Id.

[15] RP (Nov. 29, 2017) at 1082.

[16] RP (Dec. 7, 2017) at 945.

> Keep in mind that a charge is only an accusation. The filing of a charge is not evidence that the charge is true. Your decisions as jurors must be made solely upon the evidence presented during these proceedings.
>
> The evidence that you are to consider during your deliberations consists of the testimony that you have heard from witnesses, stipulations, and the exhibits that I have admitted during the trial.[17]

And finally, the court instructed the jury, "You must decide the case solely on the evidence and the law before you."[18] During closing argument, defense counsel stated, "[T]he fact that the government filed an information, and in your first instruction—it is not evidence of his guilt of these charges."[19]

Unlike the awkward preliminary oral instruction, the court's final oral and written instructions clearly and correctly instructed the jury that they may not consider the filing of charges as evidence. It is unlikely the jury would have ignored the written instructions in favor of an earlier oral instruction given at the start of jury selection.[20]

---

[17] Id.

[18] Id. at 950.

[19] Id. at 979.

[20] See State v. Kalebaugh, 183 Wn.2d 578, 586, 355 P.3d 253 (2015) (In holding a manifest constitutional instructional error harmless, the court stated, "Most importantly, at the end of the case the jurors were provided with the correct legal instruction . . . . [W]e do not find it plausible to believe that the jury retained these particular oral remarks made before jury selection three days earlier, ignored the other oral and written instructions, and applied the incorrect legal standard."). Stewart argues that Kalebaugh is distinguishable, but we conclude the core observation is applicable to the facts in this case.

Because the court's written instructions corrected any potential error, the error was harmless beyond a reasonable doubt. Stewart does not establish any reversible error.

## II. Ineffective Assistance of Counsel

Stewart claims he received ineffective assistance of counsel.

We review a claim of ineffective assistance of counsel de novo.[21] The defendant bears the burden of proving ineffective assistance of counsel.[22] First, the defendant must prove counsel's performance was deficient.[23] Second, the defendant must show counsel's deficient performance prejudiced his defense.[24]

Generally, courts strongly presume counsel's representation was effective.[25] "To prove deficient performance, a defendant must demonstrate that the representation fell below an objective standard of reasonableness under professional norms and that there is a reasonable probability that, but for counsel's error, the result would have been different.[26]

---

[21] State v. Sutherby, 165 Wn.2d 870, 883, 204 P.3d 916 (2009).

[22] State v. Grier, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011) (quoting Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)).

[23] Id. (quoting Strickland, 466 U.S. at 687).

[24] Id. (quoting Strickland, 466 U.S. at 687).

[25] State v. Townsend, 142 Wn.2d 838, 843, 15 P.3d 145 (2001) (quoting State v. McFarland, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995)).

[26] Id. at 843-44.

*a. Failure to Object to Preliminary Instruction*

First, Stewart contends he received ineffective assistance of counsel because his defense counsel did not object to the court's preliminary jury instruction. Because this instructional error was harmless beyond a reasonable doubt, Stewart's defense counsel's failure to object was not ineffective.

*b. Failure to Request Lesser Included Instruction*

Second, Stewart argues he received ineffective assistance of counsel because his defense counsel did not request an instruction on unlawful imprisonment, the lesser included offense of kidnapping.

To show defense counsel was deficient, Stewart must show he was entitled to the instruction. "A defendant is entitled to an instruction on a lesser included offense when (1) each of the elements of the lesser included offense is a necessary element of the charged offense and (2) the evidence in the case supports an inference that the lesser crime was committed."[27] Courts refer to the first part of the test as the "legal prong" and the second part as the "factual prong."[28] On appeal, the State does not contest the legal prong.[29]

---

[27] State v. Henderson, 182 Wn.2d 734, 742, 344 P.3d 1207 (2015).

[28] State v. Berlin, 133 Wn.2d 541, 546, 947 P.2d 700 (1997).

[29] See Resp't's Br. at 22, n.1; see State v. Davis, 177 Wn. App. 454, 461, 311 P.3d 1278 (2013) ("Although unlawful imprisonment is not specifically designated by statute as a lesser degree of kidnapping, for several reasons, we conclude that for purpose of the merger analysis, it should be considered as such.")

We review a trial court's decision under the factual prong for abuse of discretion.[30] When analyzing the factual prong, we view "the evidence in the light most favorable to the party requesting the instruction."[31] The evidence must raise an inference that only the lesser included offense was committed instead of the charged offense.[32]

Stewart was charged with first degree kidnapping under RCW 9A.40.020(1)(b), which provides: "A person is guilty of kidnapping in the first degree if he or she intentionally abducts another person with intent . . . [t]o facilitate commission of any felony or flight thereafter." "'Abduct' means to restrain a person by either (a) secreting or holding him or her in a place where he or she is not likely to be found, or (b) using or threatening to use deadly force."[33]

Stewart asserts defense counsel was deficient because he did not request an instruction on unlawful imprisonment, the lesser included offense of kidnapping. "A person is guilty of unlawful imprisonment if he or she knowingly restrains another person."[34]

> "Restrain" means to restrict a person's movements without consent and without legal authority in a manner which interferes substantially with his or her liberty. Restraint is "without consent" if it is accomplished by (a) physical force, intimidation, or deception, or (b) any means including acquiescence of the victim, if he or she is a child less than sixteen years old or an incompetent person and if the

---

[30] Henderson, 182 Wn.2d at 743.

[31] State v. Wade, 186 Wn. App. 749, 772, 346 P.3d 838 (2015).

[32] State v. Fernandez-Medina, 141 Wn.2d 448, 455, 6 P.3d 1150 (2000).

[33] RCW 9A.40.010(1) (emphasis added).

[34] RCW 9A.40.040(1) (emphasis added).

parent, guardian, or other person or institution having lawful control or custody of him or her has not acquiesced.[35]

Here, according to the video surveillance footage, Stewart and Patterson forced their way into the store. Stewart pointed a gun at the employees and ordered them to get on the floor. Patterson zip tied the employees' hands behind their backs. Stewart and Patterson removed cash from the store safe, ransacked the sales floor, stuffed marijuana and other products into two duffel bags, and attempted to flee. When Stewart and Patterson left the store, police were already in the parking lot and arrested both men.

At trial, Stewart testified it was his understanding that all of the dispensary employees were in on the staged robbery. He argues this raises an inference that only unlawful imprisonment was committed instead of kidnapping. His argument turns on the definition of "restraint." In his reply brief, Stewart offers several ways the jury could interpret his testimony to find him guilty only of unlawful imprisonment.[36] But if the jury interpreted Stewart's testimony under any of these theories, they would be required to acquit Stewart of the charged crime of

---

[35] RCW 9A.40.010(6).

[36] Appellant's Reply Br. at 9-10 ("First, jurors could have found that, even if Stewart had been told the women were allies, he nonetheless knowingly acted without the women's consent because he had 'information that would lead a reasonable person in the same situation' to be believe their consent had not been obtained. . . . Second, jurors may have concluded that Stewart reasonably believed the women had consented to some level of restraint, but not the level actually employed. . . . Third, . . . [j]urors could have found that Stewart, armed with a gun and pointing at the women, accomplished restraint by knowingly using force and intimidation regardless of what he otherwise may have understood to be their consent, thereby vitiating that consent. Fourth, jurors may simply have found the absence of valid consent based on the prosecutor's argument.").

10

kidnapping and the requested lesser included of unlawful imprisonment because restraint is included in each offense. "Where acceptance of the defendant's theory of the case would necessitate acquittal on both the charged offense and the lesser included offense, the evidence does not support an inference that only the lesser was committed."[37]

Because the evidence does not support an inference that Stewart committed unlawful imprisonment rather than kidnapping, he was not entitled to an instruction on the lesser included offense. Stewart fails to establish defense counsel's representation was ineffective.

## III. Improper Opinion Testimony

Stewart contends Officer Baughman offered improper opinion testimony, in violation of ER 702 and 401. We review a court's admission of evidence for abuse of discretion.[38] "An abuse of discretion exists '[w]hen a trial court's exercise of its discretion is manifestly unreasonable or based upon untenable grounds or reasons.'"[39]

ER 702 provides, "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

---

[37] State v. Speece, 56 Wn. App. 412, 419, 783 P.2d 1108 (1989), affirmed, 115 Wn.2d 360, 798 P.2d 294 (1990).

[38] State v. Neal, 144 Wn 2d 600, 609, 30 P.3d 1255 (2001).

[39] Id. (quoting State v. Stenson, 132 Wn.2d 668, 701, 940 P.2d 1239 (1997)).

11

Here, Officer Baughman testified that he recovered Stewart's gun from the sidewalk outside the dispensary. On examination of the gun, Baughman found bullets in the magazine but none in the chamber.

STATE: And can you explain to us what you mean when you say there wasn't a round in the chamber? For those of us that maybe aren't familiar with guns, what does that mean?

OFFICER: That requires an extra step to actually have the gun fire. You have to cycle the slide for a round to be in the chamber . . . for it to function. That is generally how I would say most people carry pistols, but it is not uncommon for that to happen as well.[40]

Defense counsel objected to the final statement as an improper opinion and the court overruled the objection. Stewart testified that prior to entering the dispensary, he confirmed there was not a round in the chamber of the gun. He also testified that while inside the dispensary, his finger was never on the trigger "[b]ecause it was a staged robbery, there was no need to even have my finger on the trigger."[41]

Stewart contends Officer Baughman's testimony that most people carry firearms without a round in the chamber undermined his argument that he did not have a bullet in the chamber of the gun because he believed the robbery was staged. But evidence is not irrelevant or unhelpful to the jury merely because it is unfavorable to the defense.

---

[40] RP (Dec. 5, 2017) at 557.
[41] RP (Dec. 6, 2017) at 816.

Under ER 401, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." The threshold for relevancy is extremely low under ER 401.[42]

Here, the question is whether Officer Baughman's testimony has any tendency to make the existence of Stewart's belief that the robbery was staged more or less probable. Just as Stewart's testimony is relevant to this inquiry, so is Officer Baughman's testimony. Because Officer's Baughman's testimony is relevant and helpful to the jury, the court did not abuse its discretion when it overruled defense counsel's objection.

## IV. Prosecutorial Misconduct

Stewart argues the prosecutor committed misconduct by misstating the facts.

We review prosecutorial misconduct claims for abuse of discretion.[43] To prevail on a claim of prosecutorial misconduct, the defendant bears the burden of establishing that the conduct was both improper and prejudicial.[44]

> Any allegedly improper statements should be viewed within the context of the prosecutor's entire argument, the issues in the case, the evidence discussed in the argument, and the jury instructions. Prejudice on the part of the prosecutor is established only where

---

[42] See City of Kennewick v. Day, 142 Wn.2d 1, 8, 11 P.3d 304 (2000).

[43] State v. Brett, 126 Wn.2d 136, 174, 892 P.2d 29 (1995).

[44] State v. Thorgerson, 172 Wn.2d 438, 442, 258 P.3d 43 (2011) (quoting State v. Magers, 164 Wn.2d 174, 191, 189 P.3d 126 (2008)).

"there is a substantial likelihood the instances of misconduct affected the jury's verdict."[45]

At trial, on direct examination, Patterson testified that he told Stewart all the dispensary employees were "in on it."[46] On cross-examination, Patterson admitted he did not tell police that information.

> STATE: And so now today in court is the first time you are saying that everybody was in on this robbery?
>
> PATTERSON: Um-hum. I mean, my attorney said he was trying to talk to you and tell you about it, but you didn't want to hear it, because you wanted to know about another robbery or something.[47]

On redirect examination, Patterson testified that prior to trial, he told multiple defense attorneys this information.

During closing argument, the prosecutor argued,

> And Patterson's versions of events are similar, utterly lacking in credibility. He testified here in court for the defense that Sylve told him everyone was in on it; that he passed that information on to the defendant, who never even met Sylve. But you also heard that Mr. Patterson did not tell the story to the police when he was arrested. He did not tell this story to the police after he was charged with robbery, with kidnapping. He didn't tell this story as his case proceeded. He did not tell this story to the court when he pled guilty to robbery in the first degree with a firearm, when he pled guilty to unlawfully imprisoning Alaina and Makenna. It was not until he was called to testify by his friend John Stewart that he comes up with this story for the first time.[48]

---

[45] State v. Dhaliwal, 150 Wn.2d 559, 578, 79 P.3d 432 (2003) (citing State v. Brown, 132 Wn.2d 529, 561, 940 P.2d 546 (1997)) (quoting Pirtle, 127 Wn.2d at 672).

[46] RP (Dec. 6, 2017) at 752.

[47] Id. at 780.

[48] RP (Dec. 7, 2017) at 991-92.

Defense counsel objected and argued this was a misstatement of the facts. The court overruled the objection.

"In closing argument, the prosecuting attorney has wide latitude to argue reasonable inferences from the evidence, including evidence respecting the credibility of witnesses."[49] Given Patterson's inconsistent testimony, the prosecutor's argument concerning Patterson's credibility was a reasonable inference from the evidence. At most, the prosecutor misstated that "Patterson didn't tell this story as his case proceeded."[50] This statement could be considered a misstatement of the evidence because Patterson testified he told his attorneys that everybody at the dispensary knew about the staged robbery.

Assuming, without deciding, the prosecutor's argument was improper, Stewart does not establish prejudice from the minor misstatement. After the court overruled the defense objection, the prosecutor went on to emphasize "the physical evidence" and discuss the video surveillance footage.[51]

Additionally, before closing argument, the court orally instructed the jury, "You are the sole judges of credibility of each witness. You are also the sole judges of the value or weight to be given to the testimony of each witness."[52] The court also instructed the jury,

---

[49] Thorgerson, 172 Wn.2d at 448.

[50] RP (Dec. 7, 2017) at 991.

[51] Id. at 992.

[52] Id. at 946.

> The lawyers' remarks, statements, and arguments are intended to help you under the evidence and apply the law. It is important, however, for you to remember that the lawyers' statements are not evidence. The evidence is the testimony and exhibits. The law is contained in my instructions to you. You must disregard any remark, statement, or argument that is not supported by the evidence or the law in my instructions.[53]

To this point, when the court overruled the defense objection during closing argument, the court stated, "The jury will determine whether the argument is supported by the facts or not."[54] In light of the instructions and the singular nature of the comment, Stewart fails to show a substantial likelihood the comment affected the jury's verdict. He does not establish prosecutorial misconduct.

## V.  Statement of Additional Grounds

RAP 10.10 permits a criminal defendant to file a pro se statement of additional grounds for review. "Reference to the record and citation to authorities are not necessary or required, but the appellate court will not consider a defendant's statement of additional grounds for review if it does not inform the court of the nature and occurrence of alleged errors."[55]

### a.  Additional Ground No. 1—Insufficient Evidence

Stewart cites to the general rules concerning sufficiency of the evidence but does not state which of his convictions he challenges for insufficient evidence and he provides no argument.

---

[53] Id. at 947.

[54] Id. at 992.

[55] RAP 10.10(c).

b. *Additional Ground No. 2—Prosecutorial Misconduct*

Stewart argues the prosecutor committed misconduct when he "showed three still photos enlarged to poster size, taken from a video the jury had already seen."[56] He stated the "photos were of defendant holding a gun on the victims."[57] Stewart does not provide any citation to the record identifying the photographs.

At trial, the State offered and the court admitted three screenshots, pulled from the surveillance video. Stewart did not object to the admission of these photographs. The record does not reveal any information about how or when these photos were published to the jury.

c. *Additional Ground Nos. 3 and 4—Jury Instructions*

Stewart raises two jury instruction challenges. First, Stewart argues the court should have instructed that jury unanimity was required on whether robbery was committed in furtherance of kidnapping. Stewart relies on State v. Green.[58] In Green, our Supreme Court considered whether a unanimity instruction was required when the defendant was charged with aggravated murder in the first degree committed in the furtherance of either first degree kidnapping or first degree rape. Our Supreme Court determined, "Where, as here, the commission of a specific underlying crime is necessary to sustain a conviction for a more serious statutory criminal offense, jury unanimity as to the underlying crime is

---

[56] Statement of Additional Grounds (SAG) at 1.
[57] Id.
[58] 94 Wn.2d 216, 616 P.2d 628 (1980).

imperative."[59] But unlike Green, a separate unanimity instruction is unnecessary here because the State separately charged kidnapping and robbery.

Second, Stewart contends the court should have instructed the jury on theft. At the close of evidence, Stewart requested a jury instruction of first degree theft as a lesser included offense of first degree robbery. The court denied the request.

As discussed above, "[a] defendant is entitled to an instruction on a lesser included offense when (1) each of the elements of the lesser included offense is a necessary element of the charged offense and (2) the evidence in the case supports an inference that the lesser crime was committed."[60] This court has previously held "first degree theft is not a lesser included offense of first degree robbery."[61] The court correctly denied Stewart's request for an instruction on theft.

 d. *Additional Ground No. 5—Unconstitutionally Vague and Overbroad*

Stewart argues RCW 9A.40.020, the kidnapping statute, is unconstitutionally vague, ambiguous, and overboard. First, he argues RCW 9A.40.020 was "arbitrarily and subjectively enforced in his case."[62] He cites two cases he contends are factually similar to his case but where the State declined to charge kidnapping. This illustrates the State's charging discretion rather than unconstitutional arbitrary enforcement.

---

[59] Id. at 233.

[60] Henderson, 182 Wn.2d at 742.

[61] State v. Roche, 75 Wn. App. 500, 511, 878 P.2d 497 (1994).

[62] SAG at 5.

Second, Stewart asserts RCW 9A.40.020 "lacks requisite definiteness or specificity needed for a person of ordinary intelligence to understand it."[63] He cites to numerous cases concerning the burden of proving whether a kidnapping was incidental to the underlying felony, but these cases do not stand for the proposition that RCW 9A.40.020 is an unconstitutionally ambiguous statute.

Third, Stewart contends the kidnapping statute is unconstitutionally overbroad because the conduct punished under the statute "is punishable under some other criminal provisions."[64] But his arguments do not establish that RCW 9A.04.020 is unconstitutionally overly broad.

Therefore, we affirm.

WE CONCUR:

---

[63] Id. at 7.

[64] Id. at 10.