

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36976-5-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EDGAR TORREZ, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J.P.T.[1] — Edgar Torrez appeals from convictions for first degree burglary and felony violation of a no-contact order arising from his attack against his mother. We affirm the convictions and remand to correct a scrivener's error.

FACTS

Charges arose from an incident in which Mr. Torrez smashed the windows in his mother's home, a place he was prohibited from visiting, before entering and breaking her cellphone and attempting to seize her purse. He then dragged his mother by her hair and threw her out of the house. The two noted charges, each designated as a domestic violence offense, were filed.

---

[1] Judge Kevin M. Korsmo was a member of the Court of Appeals at the time argument was held on this matter. He is now serving as a judge pro tempore of the court pursuant to RCW 2.06.150.

The case proceeded to jury trial. No witnesses testified for the defense. Defense counsel did seek lesser included offense instructions for criminal trespass and fourth degree assault. The trial court denied the requested instructions, finding that there was no factual basis for either offense.

The jury convicted Mr. Torrez on the two noted counts and also determined that each was a domestic violence offense. At sentencing, the court calculated the offender score on each offense to be 9, with the other current offense counting toward the total. Despite finding the defendant's conduct "reprehensible" and being inclined to impose a mid-range sentence, the court imposed low end concurrent terms of 87 and 60 months, as recommended by both parties and the victim, along with a ten-year no-contact order.

Mr. Torrez appealed to this court. A panel considered his case without hearing oral argument.

## ANALYSIS

This appeal raises contentions that the court erred by not permitting the included offense instructions and that defense counsel erred by not arguing the two crimes were the same criminal conduct. We first address the instruction argument before turning to the sentencing claim.[2]

---

[2] Mr. Torrez also points out that the judgment and sentence erroneously references RCW 9A.52.020(1)(a) rather than RCW 9A.52.020(1)(b). We agree that the correct reference should have been (1)(b) and direct the trial court on remand to correct the error.

2

*Lesser Included Offense Instructions*

Mr. Torrez argues that the trial court erred by failing to give the lesser included offense instructions. The trial court correctly determined that there was no factual basis for instructing the jury on either offense.

Review of this claim is governed by long-settled statutory precedent. Either party in a criminal case is entitled to an instruction on a lesser included offense in appropriate circumstances. RCW 10.61.006.[3] In order to instruct on an included offense, the crime actually must be an included offense and there must be a factual basis for believing that the lesser crime was committed. *State v. Workman*, 90 Wn.2d 443, 447-448, 584 P.2d 382 (1978). These are known as the "legal" and "factual" prongs. *State v. Berlin*, 133 Wn.2d 541, 545-546, 947 P.2d 700 (1997).

The factual prong is satisfied when there is affirmative evidence showing that *only* the lesser crime actually was committed. *State v. Speece*, 115 Wn.2d 360, 362-363, 798 P.2d 294 (1990); *State v. Fowler*, 114 Wn.2d 59, 67, 785 P.2d 808 (1990). The factual prong is not established merely by the fact that the jury might disregard some of the evidence in the case. "Instead, some evidence must be presented which affirmatively establishes the defendant's theory on the lesser included offense before an instruction will be given." *Fowler*, 114 Wn.2d at 67.

---

[3] Statutes also provide that parties are entitled to instructions on inferior degree offenses and attempted crimes. RCW 10.61.003, .010.

Both criminal trespass and fourth degree assault are included offenses of first degree burglary as charged here. RCW 9A.52.020(1)(b) required the State to prove that Mr. Torrez assaulted someone after unlawfully entering a building with the intent to commit a crime therein. Thus, criminal trespass and assault are component crimes of first degree burglary. The remaining question is whether there was evidence to support the contention that Mr. Torrez could have committed either crime without committing burglary.

The trial court correctly noted that it was not possible. There was no evidence that he entered the building lawfully. There also was no evidence that an assault did not occur. Without being lawfully on the premises, there was no way he could have committed assault without also committing the charged offense of first degree burglary. Absent evidence that no assault took place, there was no scenario under which Mr. Torrez could have been convicted of trespass without having committed the burglary. The evidence simply did not permit the jury to find that the included offenses occurred but that the burglary did not.[4]

Since there was no evidence to support the instructions, the trial court properly rejected the proposed included offense instructions. There was no error.

---

[4] If the jury had found Mr. Torrez had been lawfully on the premises, it would have had to acquit him on the burglary charge. Thus, there was no legitimate reason for requesting an assault instruction.

*Sentencing*

Mr. Torrez also argues that his counsel rendered ineffective assistance by failing to argue for treating the two offenses as one for scoring purposes. He cannot establish that he was prejudiced by this alleged error.

Established case law also governs review of this issue. The offender scoring rule in question is found in RCW 9.94A.589(1)(a). When imposing sentence under that subsection, courts are required to include each other current offense in the offender score unless one or more of those offenses constitute the same criminal conduct, in which case they shall be "counted as one crime." The statute then defines that particular exception to the scoring rule: "'Same criminal conduct,' as used in this subsection, means two or more crimes that require the same criminal intent, are committed at the same time and place, and involve the same victim." *Id.*

It is the defendant's burden to establish that offenses constitute the same criminal conduct. *State v. Graciano*, 176 Wn.2d 531, 540-541, 295 P.3d 219 (2013). The trial court's same criminal conduct ruling is reviewed for abuse of discretion because it involves a factual inquiry. *Id.* at 535-536, 541. An additional factor at play in this computation is the burglary antimerger statute. RCW 9A.52.050. That statute gives trial courts the authority to treat burglary offenses separately even when the underlying crime would otherwise constitute the same criminal conduct. *State v. Lessley*, 118 Wn.2d 773, 781-782, 827 P.2d 996 (1992).

Since no request was made to treat the offenses as the same criminal conduct, the trial court did not abuse its discretion by scoring the crimes in accordance with the statute. Recognizing this problem, Mr. Torrez argues that his counsel performed deficiently.

To prevail on such a claim, he would have to show both that his attorney erred so significantly that he failed to live up to the standards of the profession and that counsel's error prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 688-692, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. McFarland*, 127 Wn.2d 322, 334-335, 899 P.2d 1251 (1995). Even assuming that it was error to not raise the matter, the record does not establish prejudice. In order to prevail, the record would need to show that the court likely would have granted the request. *See McFarland*, 127 Wn.2d at 333-334 (any error in failing to request suppression hearing was not manifest because defendants could not show that the trial court would have granted the motion). This record does not establish that the prior offenses were necessarily the same, nor is there reason to think that the court would not have declined to apply the burglary antimerger statute if the issue had been raised. In addition, the trial court noted its displeasure with defendant's behavior and only imposed a lower sentence because the victim requested it. On this record, a same criminal conduct argument likely would have failed.

For all of the noted reasons, Mr. Torrez cannot establish that a request to treat the two offenses as one would have been granted. Thus, the ineffective assistance allegation fails for inability to establish prejudice. *Id*.

The convictions are affirmed. The case is remanded to correct the identified scrivener's error.

Affirmed and remanded.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.P.T.

WE CONCUR:

_____
Lawrence-Berrey, J.

_____
Siddoway, A.C.J.